## STATE OF VERMONT v. MARTIN LEACH, JR.

### *Indictment.*

In an indictment for subornation of perjury, the omission, even by mistake, of the verb implying that the witness, charged to have been suborned, testified, is fatal on motion in arrest, and cannot be supplied or cured by intendment.

INDICTMENT FOR SUBORNATION OF PERJURY which set forth that a certain issue was joined in a suit pending in the Rutland county court, between Jeremiah C. Powers and Artemas C. Powers, plaintiffs, and the respondent as defendant; that the respondent solicited, suborned, instigated and endeavored to persuade one Charles Lee to be and appear as a witness at the trial of said issue and falsely swear and give in evidence that at a certain time and place mentioned, he saw and conversed with one Francis Guyette; that said issue came on for trial and was tried, and that at said trial the said Lee, by means of the subornation and procurement of the respondent, appeared as a witness and was sworn; and that upon said trial it became and was a material question whether the said Francis Guyette was at the office of Charles C. Webster in Keene, on the 9th of August, 1853, &c., and then proceeded as follows, "and " the said Charles Lee, being so sworn as aforesaid, then and there " at the trial of said issue, upon his oath aforesaid, falsely, corrupt- " ly and willfully, before the said jurors so sworn and taken between " the said parties as aforesaid, and before the said court, in sub- " stance and to the effect following, that is to say: I (meaning the " said Charles Lee,) saw and conversed with Francis Guyette on," &c., (stating the time and place, &c.) and then averred that in truth and in fact, the said Charles Lee did not so see and converse with the said Guyette, and that both he and the respondent so knew, &c. After a trial and verdict of guilty, the respondent moved that judgment be arrested on account of the insufficiency of the indictment. The county court, September Term, 1854,— PECK, J., presiding,—*pro forma*, overruled the motion in arrest, to which the respondent excepted. Other exceptions were taken upon the trial, and objections made to the sufficiency of the indictment, in some of its averments, which are not set forth in full; which on account of their not being passed upon, by the supreme court, it is unnecessary to detail.

*W. H. Smith, D. Roberts,* and *E. N. Briggs,* for the respondent.

*E. Edgerton,* state's attorney, for the prosecution.

The opinion of the court was delivered by

BENNETT, J.   We think the motion in arrest must prevail, and it is only necessary to consider a single objection to the indictment. There is no averment in it, that Lee testified to a given statement of facts, there being an omission, though, no doubt, by mistake, of the verb.   But can this omission be supplied or cured by intendment. We think not. No latitude of intention is allowed to include anything more than what is expressed. 1 Chitty's Crim. Law, 172. The office of an intendment is to help out a defective averment, and not to supply the want of one.   The *averment* that Lee testified so and so, setting out his testimony in substance, is of vital importance; and the insertion of the verb is necessary to imply any action on the part of Lee.

The judgment then, of this court, is that the judgment of the county court upon the motion in arrest is reversed, and judgment that the indictment is insufficient.