## STATE *vs.* LEVI LASHUS.

### Kennebec. Decided January 10, 1878.

#### *Evidence.*

It is not competent to introduce evidence, in support of an indictment charging the respondent with maintaining a nuisance "in a store on the Plains so called," that the respondent maintained a nuisance on "Silver street," a third of a mile distant from "the Plains" but in the same town.

ON EXCEPTIONS.

INDICTMENT for nuisance, wherein the verdict was against the defendant, and he alleged exceptions, which in the opinion appear.

*F. A. Waldron,* for the defendant.

*E. F. Webb,* county attorney, for the state.

DICKERSON, J. The allegation in the indictment is that the respondent "kept and maintained a common nuisance, to wit : A certain building occupied by him as a store and shop on the Plains, so called, in Waterville."

The evidence shows that there is a settlement in Waterville, known as the "Plains" where the respondent's residence was, but at least a third of a mile distant from his place of business, which was on Silver street in the village of Waterville.

It was objected, on behalf of the respondent, that it was not competent to admit evidence of any other nuisance kept by him than that kept at the "Plains," as alleged in the indictment ; but the court overruled the objection and admitted evidence tending to show that the respondent kept and maintained a nuisance at his store on Silver street.

We think this ruling is wrong. The indictment locates the alleged nuisance upon the "Plains," a well known locality in Waterville, entirely distinct from and independent of the village of Waterville, where Silver street is located. The indictment, therefore, gives the respondent no notice to defend himself against a charge of keeping a nuisance at his store on Silver street. Locality is an essential element of the offense denominated a common nuisance. There can be no such nuisance described without a

designation of the place where it is alleged to exist. "The Plains" was as much a place as was Silver street; neither implied or included the other. The respondent may have been guilty of maintaining a common nuisance at both, or either, or neither of these places. The government, having designated the place of the nuisance, must be restricted in its evidence to that locality. To allow the government to substitute another place for that alleged in the indictment would be to change the issue and try the respondent upon a charge other than that found by the grand jury. An acquittal or conviction, moreover, upon this indictment would be no bar to a second indictment charging the respondent with maintaining a nuisance on Silver street.

*Exceptions sustained.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.