### The People v. Abram Duford.

*Criminal law—Arson—Information—Demurrer—Motion to quash.*

A clerical and formal mistake in charging the commission of an offense in an information, which does not mislead or prejudice the respondent, should be taken advantage of by the demurrer or motion to quash, especially where the offense was properly described in the complaint on which he was arrested.

Error to Schoolcraft. (Steere, J.) Argued April 27, 1887. Decided May 5, 1887.

Respondent was convicted of arson, and brought error. Conviction affirmed. The facts are stated in the opinion.

*W. S. Pechin,* for respondent.

*Moses Taggart,* Attorney General, for the People.

SHERWOOD, J. The respondent in this case was tried and convicted, in the Schoolcraft circuit, of the crime of setting fire to a dwelling-house in the night-time, with the intent to burn the same, upon the following information:

" The Circuit Court for the County of Schoolcraft.

" STATE OF MICHIGAN, } *ss.*
COUNTY OF SCHOOLCRAFT, }

" John F. Carey, prosecuting attorney for the county of Schoolcraft aforesaid, for and in behalf of the people of the State of Michigan, comes into said court in the January term

thereof, A. D. 1887, and gives it here to understand and be informed that John Lynch and Abram Duford, late of the township of Seney, in the county of Schoolcraft and State of Michigan, heretofore, to wit, on the twelfth day of December, in the year 1886, in the night-time of said day, at the township of Seney, in said Schoolcraft county, the inhabited dwelling-house of one Ardellia Pitcher there situate was willfully, maliciously, and feloniously set fire to, with intent then and there to burn and destroy the same, there being at the time some human beings in the said dwelling-house, to wit, the said Ardellia Pitcher, and divers and sundry other persons, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Michigan.

"JOHN F.. CAREY,

" Prosecuting Attorney for the County of Schoolcraft."

The respondent was sentenced to imprisonment for the term of five years.

After the conviction was had, respondent's counsel moved in arrest of judgment,—

"For the reason and upon the ground that the information upon which these defendants were tried and conviction was had, fails to charge them with any offense in law."

This motion was denied by the court. The respondent presents this ruling of the court as his only ground of error in the proceedings at the circuit.

The information is, in the main, in the language of the statute. How. Stat. § 9128. If the word "did" had been used in the place of "was," after the word "situate" and before "willfully," it would have charged the offense positively upon the respondent. This mistake, we think, should be regarded as clerical and formal, and one which did not mislead, or result to the respondent's prejudice; especially should this be so held in view of the fact that the complaint upon which he was arrested contained the charge correctly stated. If the respondent desired to take advantage of the defect relied upon, he should have demurred or moved to quash.

We think the judgment should be affirmed.

The other Justices concurred.