## No. 11,410.

### STATE OF LOUISIANA VS. SIMON JOHNSON.

46 5
49 1527
46 5
e109 380

The finding by the jury of the guilt of an accused must be direct and positive.
The court is not justified to " reason " to an inferred verdict of guilty. A verdict consisting of the simple word "manslaughter" written on the indictment, not prefixed by the words "guilty of," is fatally defective, and it is not cured by a polling of the jury when "Is 'manslaughter' your verdict?" was the only question asked of its members.

APPEAL from the Eighteenth District Court, Parish of Terrebonne. *Caillouet, J.*

---

*M. J. Cunningham*, Attorney-General, and *B. F. Winchester*, District Attorney, for the State, Appellant.

---

*L. F. Suthon* for Defendant and Appellee.

The opinion of the court was delivered by

NICHOLLS, C. J. The accused was indicted for the murder of one Rose Bolden. The case was taken up for trial and evidence heard, and in the minutes of November 20, 1893, we find the following entry: "After mature consultation and deliberation the jury returned into open court in presence of the accused, Simon Johnson, and then and there were called by the clerk of the court, when each juror answered to his name, and on being further asked by said officer if they had agreed upon a verdict they answered in the affirmative, and through Edgar J. Richard, their foreman, selected among themselves, presented to the court the following verdict:

" ' Manslaughter.        (Signed)    E. J. RICHARD, *Foreman*.'

" The said verdict was then read to the jury. On being asked by the clerk of the court whether such was their verdict the said jury answered that it was, whereupon on motion of counsel for accused the court ordered that the jury be polled, when each juror on being asked by the clerk of the court if ' manslaughter' was his verdict answered in the affirmative. Whereupon the court ordered said verdict recorded, the accused remanded and the jury discharged in this case—all in presence of the accused."

The accused moved in arrest of judgment on the ground that "the verdict of the jury rendered in the cause is meaningless and fatally defective, and is as much a verdict of acquittal as of conviction."

The district judge sustained this motion and ordered the accused to be remanded to await further proceedings under the indictment. The State has appealed.

The defendant in his brief contends that " in legal contemplation a verdict is a judgment—it must decide something—it must declare the guilt or the innocence of the accused; it must pass upon the issue presented. The simple word ' manslaughter' surely decides nothing—it is the name of a crime only. The court can supply nothing to make a judgment out of this verdict—the jury alone could do that and it has passed away."

We are of the opinion that the verdict is fatally imperfect and defective—it does not pass upon the guilt or innocence of the accused, and however clear we may be as to the idea which the jury intended to convey, we can not reach a judgment in a criminal case purely by intendment, as we would have here to do.

In some States and for some offences the jury not only determines the guilt or innocence of the accused, but assesses the punishment,

and in such cases it has been held that the verdict must find the defendant guilty, then add the punishment—that the latter without the former would be inadequate.

These decisions must obviously rest upon the principle that the court is not authorized or justified to "reason" to an inferred verdict of guilty against the accused (see Bishop on Criminal Procedure, Third Edition, Sec. 1012 and notes thereunder).

The finding of the jury of the guilt of the prisoner must be direct and positive.

The State claims that "the polling of the jury had the effect of curing the imperfections of the verdict," and State vs. Smith, 33 An. 1416, and State vs. Ross, 32 An. 855, are relied upon in support of this contention, but an examination of the manner in which in this case the jury was polled, will show that the situation was not varied or altered for the better by that fact.

For the reasons herein assigned it is hereby ordered, adjudged and decreed, that the judgment appealed from be and the same is hereby affirmed.