The opinion of the court was delivered by
Breaux, J.
The accused was indicted for murder, found guilty as charged, and was sentenced to suffer the extreme penalty of the law. From this sentence and judgment of the court he has appealed.
The appeal is before us on a motion to quash and a bill of excep - tions. The former was based upon the ground that the word “ did” had been omitted.
The indictment charged: That one John Graham wilfully, feloni-ously, and of his malice aforethought, kill and murder one Gip Taylor. The indictment reads: “ That one John Graham, late of the “ parish of Franklin, on the 6th of August, with force and arms in the “ parish of Franklin aforesaid, and within the jurisdiction of the Sixth “ Judicial District Oourt in and for the said parish of Franklin and “ State, wilfully, feloniously and of his malice aforethought, kill and “ murder one Gip Taylor, a person in the peace of the State.”
The accused having moved to quash the indictment, the District Attorney filed a motion to amend by inserting “ did ” in the indictment. The motion to quash was overruled and the amendment was allowed. The other ground was presented in a bill of exceptions reserved to the ruling of the court in having permitted the prosecuting officer to introduce a shotgun in evidence for the purpose of proving that it was the same from which a moss wadding had been fired, found upon the bed of the deceased. The bill of exceptions does not set forth the ground of objection and does not inform us whether the foundation had been laid by evidence that the wadding or the gun was that used by the accused in committing the crime for which he was called upon to answer, viz.:
“The prosecution offered in evidence at the trial of this case a muzzle-loading shotgun, alleging it to be the property of defendant, ■for the purpose of identifying it with a piece of moss said to have been fired from a muzzle-loading shotgun, which piece of moss was found on a quilt on which deceased was lying when shot; said testimony tending to throw suspicion on John Graham as the party who did the killing.”
Returning to the first ground before us for decision, it is evident *1526 from a reading of the indictment that it does not charge a crime to have been committed by any one. The part of the section under which the amendment was made reads: “Whenever there is a variance in certain points between the indictment and the evidence it is lawful for the court, on or before the trial is had, if it considers that the variance is nob material to the merits of the case, and that the defendant can not be prejudiced thereby in his defence on such merits, to order the indictment to be amended.”
Again, part of another section reads: “Every objection to any indictment for any formal defect may be amended.” Sec. 1064.
Another section provides that it shall be sufficient in every indictment for murder to charge that the defendant did kill and murder the deceased.
It is obvious that the amendment was not made with the view of' correcting any of the errors indicated by the statute as susceptible of correction. There was no question of variance between the indictment and the evidence. The defendant did not have legal notice of the charge.
The defect is clear; there is against the defendant no allegation of a crime.
One indicted, as relates to essentials, must be brought within the letter of the statute. The court can not supply an omission or allow an amendment to render sufficient that which the law prescribes shall be, without amendment, sufficient. Were it otherwise the amended indictment would no longer be the finding of the grand jary.
While it is true that errors of names, dates and other similar errors may be amended under the statutes, from which we have quoted, the offence as relates to essentials must be set out with sufficient certainty in the indictment as handed in to the court.
As illustration we quote from Mr. Bishop: “ The clause made it punishable to keep intoxicating liquors with the intent to sell them, and that particular form of complaint should be deemed sufficient.”
A complaint exactly in this form that the defendant had in possession liquors intended for sale was adjudged inadequate; for, consistently with this allegation, the forbidden intent might have been some other person’s. “It is not,” said Kent, J., “ matter of form, but matter of substance. No averment on the omission whereof it. *1527 does not appear that an offence has been committed can be made matter of form. Bishop’s New Criminal Procedure, Yol. 1, p. 104.
In the absence of the word “ did ” or of an allegation equivalent in meaning, it was a matter of substance which could not be amended.
With reference to intendment this court said in State vs. Johnson, 46 An. 8: “ However clear we may be as to the idea which the jury intended to convey, we can not reach a judgment in a criminal case purely by intendment, as we would here have to do.”
The Supreme Court of Texas, in State vs. Hutchinson, 26 Texas, p. 112, said: “The objection that the indictment does not charge that the defendant 'did ’ the acts supposed to constitute the offence was well taken. The omission of so important a word, a word indispensable to make sense, in charging the offence, ought not to be supplied by intendment.”
In 30 Texas, p. 361, a similar view was expressed: “ The word 'did ’ is essential to the validity of the indictment.”
The word “ did” is essential; and we add “ or its equivalent.”
After careful study and an examination of authorities, we have found no ground upon which it was possible for us to hold that the indictment was amendable.
It would serve no purpose for us to expressly pass upon the remaining ground urged by the defendant as set forth in the bill of exceptions. In the absence of statement to the contrary it follows that proper foundation was laid for admitting the gun in evidence, although that fact is not set forth in the bill of exception.
It is therefore ordered, adjudged and decreed that the indictment be annulled and quashed; also the judgment and sentence appealed from as not good in law, and that the verdict of the jury be set aside and the defendant remanded in custody subject to the' orders of the District Court of the parish of Franklin.