(No. 4082.)

BURNS V. THE PEOPLE.

PRACTICE IN CRIMINAL CASES—MISNOMER—VARIANCE.

Where a defendant was informed against as Mrs. James Burns and no plea of misnomer was interposed and the record does not show any change made in the name by order of court nor that she was equally well known by both names, a verdict and sentence against Nora Burns is a fatal variance and void. There is no presumption in favor of the authority to change the name but the record must affirmatively show the fact authorizing the change.

*Error to the County Court of Otero County.*

Mr. THOS. R. HOFFMIRE, for plaintiff in error.

Mr. D. M. CAMPBELL attorney general, Mr. CALVIN E. REED and Mr. DAN B. CAREY, assistants attorney general, for the people.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

Plaintiff in error, defendant below, was found guilty of an assault and battery and sentenced to pay a fine, and to reverse the judgment prosecutes this writ. She was informed against as "Mrs. James Burns," and throughout the trial and until the return of the verdict that name appears in the record. The jury returned their verdict finding "Nora Burns" guilty, and she was sentenced under that name.

The attorney general, by way of illustrating his position, contends that, in the absence of a bill of exceptions, we must presume that there was authority for this change of name, and that the presumption in a case like this is so sweeping as to warrant the conclusion that the evidence, if preserved, would show that defendant was as well known by the name of Nora Burns as Mrs. James Burns; or to sustain the verdict we must presume that a plea in abatement of the misnomer was filed by defendant, admitted by the people, and an order of court made permitting the further prosecution against defendant in the name of Nora Burns.

This, however, indicates a misconception of defendant's position. The point made by her is not that her name is not "Mrs. James Burns" and that it is "Nora Burns," but rather it is that, having been informed against as Mrs. James Burns, and no plea of misnomer being interposed, and no order permitting the record to be thus amended, a verdict of guilty against Nora Burns and a sentence imposed on defendant by that name are void.

The object of designating a defendant by name is for the purpose of identification, so that, among other things, if any subsequent proceeding for the same offense be preferred against him, the judgment in the former, may be a protection against the subsequent, prosecution. It will not do to say that, in order to uphold this verdict, we must presume that defendant claimed that her name was Nora Burns and inter-

posed a plea in abatement of misnomer, and that the court thereupon changed the name on the record. Neither are we at liberty to conclude that she was known as well by one name as the other. There is no claim by defendant that her name is Nora Burns. On the contrary, she contends that her name as written in the information is correct. Indeed, by not pleading the misnomer, she is estopped to say that she was improperly described. Moreover, if upon the trial it had appeared that her true name was Nora Burns and not Mrs. James Burns, an order of court would be necessary showing that the change was made; or if she was equally known under both names the record should, in some way, manifest that fact, or indicate that such an issue was involved, before a verdict against a person bearing a name different from that appearing in the information could be sustained. The complete record proper of the court is before us, and it nowhere appears therein that any such order was made, or that any claim was made either by the people or the defendant that her true name was Nora Burns, or that she was known by that as well as the other name.

A case directly in point, and the only one cited, is *Territory v. Doe*, 1 Ariz. 507, which holds such a verdict bad. On principle this must be so. 1 Bishop on Criminal Procedure, § 677, *et seq.* is authority for holding that there was a fatal variance. The defendant Mrs. James Burns cannot be sentenced upon a verdict running against Nora Burns.

For this error the judgment must be reversed and the cause remanded for a new trial, and it is so ordered.

*Reversed.*