J. D. CRABB, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. The sale of intoxicating liquors on Sunday and the sale of such liquors generally without a license constitutes the same offense in this State.

2. A license to sell intoxicating liquors, under section 9, chap. 4322, laws of 1895, is without validity on Sunday, and such licensee, if he sell intoxicating liquors on Sunday, may be convicted of selling without a license.

3. It is competent for the legislature to impose restrictions upon the license to sell intoxicating liquors and to declare one transgressing these restrictions to be guilty of selling without a license.

This case was decided by the court *En Banc.*

Writ of error to the Circuit Court for Columbia county.

The facts in the case are stated in the opinion of the court.

*T. B. Oliver* and *R. T. Boozer* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

Cockrell, J.—Under an indictment for selling liquor without a license, J. D. Crabb was convicted upon proof that while having a license he sold intoxicating liquors on Sunday. The form of the indictment as against the objections here urged has been sustained by this court in the cases cited in *Brass v. State,* 45 Fla. 1, 34 South. Rep. 307, and need not be further considered.

The main contention of the plaintiff in error is, as we understand it, that the sale of liquors on Sunday and the sale of liquors generally without a license are separate and independent crimes, requiring separate and independent or different indictments. Such contention is untenable. A license to sell liquor does not allow the holder to sell liquor on Sunday. The act (chap. 4322, sec. 9, laws of 1895) expressly provides that the license shall not authorize the holder to sell liquors on Sunday, and declares "if the holder sells on Sunday he shall be deemed guilty of selling liquor without license," thus making the two acts one offense; not that the act of selling on Sunday shall be punished as another act of selling without a license. There is no incongruity in such legislation. It is entirely competent for the legislature to impose such restrictions or limitations

upon its license to sell intoxicating liquors and to say in effect that when one attempts to go outside these restrictions or limitations the privilege shall not avail him, and that he shall be deemed guilty of selling without a license. The licensee is held to know the limits placed by the law upon the license and the penalties to be inflicted for the violation of those limits.

We may add that the day of the month on which the indictment alleged the sale to have taken place is shown by the calendar to have been Sunday.

The above discussion disposes of all the assignments of error that merit discussion, and the judgment must be affirmed.

HOCKER, SHACKLEFORD and CARTER, JJ., concur.

TAYLOR, C. J., absent on account of sickness.

WHITFIELD, J., disqualified, took no part in the consideration of this matter.