# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JUNE TERM, A. D. 1905.

SAM CAESAR, PLAINTIFF IN ERROR, v. THE STATE OF FLOR-
IDA, DEFENDANT IN ERROR.

1. The decisions of this Court, as to the constitutionality of
the title of Chapter 4930, Laws of 1901, and as to section 8
of said Chapter, providing a form of indictment, made in
Brass v. State, 45 Fla. 1, 34 South. Rep. 307, and
Crabb v. State, 47 Fla. 24, 36 South. Rep. 169, are fol-
lowed and applied.

2. Applying the provisions of section 2893, Revised Statutes of
1892, where the omission of the word "did" before the
word "engage" in an indictment, is plainly a mere clerical
misprision, and where the meaning is perfectly clear from
the context, and it appears that the defendant was not
mislead or embarrassed in making his defense, and will not
be exposed to substantial danger of a new prosecution for
the same offense, this court will not reverse a judgment of
conviction because of such omission.

This case was decided by Division B.

Writ of Error to the Circuit Court for Columbia
County.

The facts in the case are stated in the opinion of the
Court.

*Scarborough & Scarborough,* for Plaintiff in Error.

No appearance for the State.

HOCKER, J.  Sam Caesar was indicted at the Spring
term of the Circuit Court of Columbia county for illegally
selling liquor in that county. The indictment is in the
following form, omitting the caption: "The grand jurors
of the State of Florida, duly chosen, empannelled and
sworn diligently to inquire and true presentment make
in and for the body of the county of Columbia, upon
their oath present that one Sam Caesar on or about the
10th day of January, A. D. 1904, in the county and State
aforesaid, with force and arms unlawfully engage in and
carry on the business of a dealer in intoxicating spiritu-
ous, vinous and malt liquors, which said county had voted
against the sale of said liquors, contrary to the statute in
such case made and provided.

L. E. ROBERSON,

State Attorney."

A motion was made to quash the indictment on the
grounds, in substance, that it was vague and indefinite,
that it charged no crime under the laws of Florida, that
it does not allege that Columbia county had voted against
the sale of liquors within two years, that the act charged
was unlawful. This motion was overruled. The defend-
ant was tried and convicted, and then moved in arrest of
judgment, which motion was overruled. After sentence
he sued out a writ of error.

The assignments of error are:  1st. That the court erred
in overruling the motion of plaintiff in error to quash the
indictment.

2nd. The court erred in overruling the motion of the
plaintiff in error for an arrest of judgment.

In his brief here the plaintiff in error first attacks the constitutionality of the act under which the indictment was drawn, *viz*: Chapter 4930, Laws of 1901, on two grounds: first, that the act embraces two subjects, and, second, that the form of indictment provided in section 8 of the act, and which the indictment attempts to follow, does not inform the accused of the nature of the accusation against him.

Both of these propositions have been heretofore decided against the contention of the accused. See Brass v. State, 45 Fla. 1, 34 South. Rep. 307; Crabb v. State, 47 Fla. 24, 36 South. Rep. 169.

The next and only other point made in the brief is that in attempting to follow the form of indictment prescribed by section 8 of the act (Chapter 4930, Laws 1901) the pleader omitted the word "did" before the word "engage," and therefore that no criminal act is charged to have been committed. We are referred to decisions in several States, particularly in Texas and Louisiana, where it is held that the omission of the auxiliary word "did" before the verb expressing the action, is fatal in an indictment. State v. Daugherty, 30 Texas 360; State v. Graham, 49 La. Ann. 1524, 22 South. Rep. 807. We are, however, inclined to the view, applying the provisions of section 2893 Revised Statutes of 1892, that where the omission of a word from an indictment is plainly a mere clerical misprision, and where the meaning is perfectly clear from the context, and consequently that the accused was not misled or embarrassed in making his defense, and will not be exposed to substantial danger of a new prosecution for the same offense. The court should not for that reason reverse a judgment. This position is sustained by Dickens v. State, 50 Fla. 17, 38 South. Rep. 909; State v. Whitney, 15 Vt. 298; State v. Edwards, 19 Mo.

674; Abernathy v. State, 78 Ala. 411; People v. Duford, 66 Mich. 90, 33 N. W. Rep. 28. In the last cited case the court remarks that the omission of the word "did" should have been brought to the attention of the trial court in a motion to quash. We are constrained to say that in the case at bar the grounds of the motion to quash are very general, and it does not appear from the record that the precise matter was called to the attention of the trial judge, or prosecuting attorney. If this course had been pursued doubtless the omission would have been supplied by another indictment, or by an information.

The judgment of conviction is affirmed.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.