(54 South. 940.)

No. 18,677.

STATE v. FLANAKIN.

(April 10, 1911.)

*(Syllabus by the Court.)*

HOMICIDE (§ 313*)—TRIAL—VERDICT.

Where a defendant is charged with murder, a verdict reading, "We, your jury, beg leave to return a verdict of manslaughter," does not answer the question, "Is the accused guilty or not guilty?" and the court could reach the conclusion that the jury intended to find the accused guilty of manslaughter only by inference, which could accomplish nothing, since it is what the jury did, not what it intended to do, that can furnish the basis for a sentence.

[Ed. Note.—For other cases, see Homicide, Dec. Dig. § 313.*]

Appeal from Twelfth Judicial District Court, Parish of Sabine; Don E. So Relle, Judge.

James S. Flanakin was convicted of manslaughter, and appeals. Reversed and remanded.

Ponder & Fraser, for appellant. Walter Guion, Atty Gen., and James G. Palmer, Dist. Atty. (G. A. Gondran, of counsel), for the State.

MONROE, J. Defendant having been tried under an indictment charging him with murder, the jury brought in a verdict reading as follows:

"We, your jury, beg leave to return a verdict of manslaughter. E. P. Curtis, Foreman."

Defendant filed a motion in arrest of judgment, on the ground that the jury had failed to find him guilty or not guilty, and had brought in no verdict which would afford a sufficient basis for a sentence; and, the motion having been overruled, he took his bill of exception.

The motion should have been sustained. The jury was expected by its verdict to answer the question, "Is the accused guilty or not guilty?" and it has not answered it.

As has heretofore been said by this court:

"The simple word 'manslaughter' surely decides nothing. It is the name of a crime only. The court can supply nothing to make a judgment out of this verdict. The jury alone could do that, and it has passed away. * * * The finding of the jury of the guilt of the prisoner must be direct and positive." State v. Johnson, 46 La. Ann. 5, 14 South. 295 (quoted with approval in State v. Graham, 49 La. Ann. 1524, 22 South. 807; State ex rel. Aucoin v. Board, 109 La. 380, 33 South. 372); Bishop's C. Prac. (3d Ed.) § 1002, and notes.

In State v. Keasley, 50 La. Ann. 764, 23 South. 902, to which we are referred by the Attorney General, the accused was charged with having "willfully, feloniously, and of his malice aforethought" shot Joseph Antoine "with a dangerous weapon (a pistol), with intent the said Joseph Antoine then and there feloniously, willfully, and of his malice aforethought to kill and murder." And the verdict read:

"Guilty, with a dangerous weapon, with intent to kill."

The jury, therefore, answered the question, "Is he guilty or not guilty?" by finding that he was guilty of the lesser offense; that is to say, that he was guilty of shooting with intent to kill, rather than with intent to murder. In the instant case, the jury has not found that the accused was guilty of anything, and the court could reach the conclusion that it intended to do so only by a process of reasoning which could accomplish nothing, since it is what the jury did, and not what it intended (its intention not being expressed, but left to inference), that can furnish a basis for the sentence imposed. There were several bills reserved

during the progress of the trial, which we notice merely to say that they appear to us to be without merit.

For the reasons assigned, it is ordered, adjudged, and decreed that the verdict and sentence appealed from be annulled, and the case remanded to the district court, to be there proceeded with according to law.