J. D. EDGE, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion filed June 2, 1930.

*W. T. Bludworth,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General and *Roy Campbell,* Assistant, for Defendant in Error.

ANDREWS, Commissioner:

Plaintiff in error, hereinafter designated the defendant, was charged jointly with one Harry Barnes and two young women with robbery while "being armed with a dangerous weapon" and thereby took from J. W. Green in Suwannee county one Chrysler Sedan of the value of $500.00, $2.78 in cash and a pocket knife, the indictment being based upon Section 7157, Comp. Gen. Laws 1927. The case coming on for trial, Harry Barnes not being yet in custody, a severance was granted J. D. Edge, and the two young women testified as witnesses. A verdict of guilty was returned against Edge, and a motion for new trial and arrest of judgment being denied, the defendant was sentenced to the State prison for seven years.

The case is here for review upon writ of error, and the errors assigned and insisted upon are, (1) the denial of the motion to quash the indictment, (2) denial of the motion for new trial and (3) denial of the motion in arrest of judgment.

In support of the motion to quash the indictment it is contended that it failed to charge that the defendants were then and "there" armed with a dangerous weapon. It is observed that the expression "then and there" is used conjunctively three times in the indictment and charges specifically that the defendants, from J. W. Green, then and there feloniously and by force and violence did rob, steal, take and carry away the described property, they, the said defendants, then and being armed with a dangerous weapon with intent if then and there resisted by the said J. W.

Green, him the said J. W. Green then and there to kill, etc. The omission of the word "there" after the words "then and" is what is known as misprision or clerical mistake. In an indictment where the meaning is perfectly clear from the context and it is plainly a mere clerical misprision and where the defendant was not misled and will not be exposed to danger of a new prosecution for the same offense, this Court will not reverse a judgment of conviction because of such omission. Caesar v. State, 50 Fla. 1, 39 So. R. 470; Blackwell v. State, 69 Fla. 453, 68 So. R. 479; Wilson v. State, 78 Fla. 41, 82 So. R. 600; Pickern v. State, 94 Fla. 268, 113 So. R. 707.

If the motion to quash cannot be well taken it follows that it is unnecessary to discuss the motion in arrest of judgment based upon the same alleged defects in the indictment.

In support of the assignment of error based upon the denial of the motion for new trial, which alleges that the evidence is insufficient to support the verdict, it is contended by defendant that the evidence shows that he—J. D. Edge—participated in the robbery through fear of Harry Barnes who he claims held a pistol on him during the robbery and the fastening of J. W. Green—the victim—to a tree and during the drive away from the scene of the holdup. A pertinent question from one of the jurors—relevant to that issue—very forcibly disposed of the defendant's contention on that issue at the close of defendant's testimony:

JUROR: "How far did you go from where you tied the gentleman to where you got the gas?"

DEFENDANT: "I don't know; it was about a mile or three-quarters." The defendant had just testified that he went alone while Barnes guarded the tied victim; and of course the defendant could have easily, while half a mile

away, retired from the scene of his own volition without fear of Barnes. Neither the positive testimony of the other witnesses nor the circumstances developed by all the evidence in the case, would support defendant's contention that he was forced by Barnes to perform his part of the robbery—unless the evidence of the defendant is to be taken as the truth and the testimony of the other witness is to be taken as untrue. The jury who saw and heard the witnesses testify has finally passed upon the weight of the evidence and the credibility of the witnesses, and the record fully sustains the jury's findings.

No error of law or procedure appearing, the judgment of the trial court should be affirmed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be, and the same is hereby, affirmed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.