147 So. 22

**STATE v. MILAM.**

No. 32182.

Feb. 27, 1933.

Rehearing Denied March 27, 1933.

E. B. Moore, of Winnsboro, and J. Rush Wimberly, of Arcadia, for appellant.

G. L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and D. J. Anders, Dist. Atty., of Winnsboro (George Wesley Smith, of Rayville, and James O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

ST. PAUL, Justice.

The defendant was tried for murder and convicted of manslaughter.

He complained, in arrest of judgment, that at the time of his motion the only verdict appearing on the minutes was the simple word

"Manslaughter," which verdict was *technically* not responsive to the indictment. State v. Johnson, 46 La. Ann. 5, 14 So. 295; State v. Flanakin, 128 La. 455, 54 So. 940.

The trial judge, having observed this, asked the jury if it was their intention to find the accused guilty of manslaughter; whereupon thé jury, through its foreman, answered that it was their purpose to find the defendant *guilty of manslaughter.*

By some inadvertence the clerk entered on the minutes, as the verdict (orally) announced by the jury, merely the single word, "Manslaughter," entirely omitting all reference to the judge's question and the response of the jury.

When the judge's attention was called to this by the motion in arrest, he at once ordered the minutes corrected to accord with the facts which were within his own knowledge. And it is of this correction of the minutes that the defendant now complains.

His complaint is without merit. "Minutes of courts may be corrected at any time to supply an omission, if the facts are within the personal knowledge of the judge, or so well proved as not to allow of serious dispute." State v. Hart, 133 La. 5, 62 So. 161, 162, and authorities cited. The right of the court to order an amendment of the minutes so as to conform to the facts and show his performance of an official duty is beyond question; and the statement of the judge of a fact within his own knowledge *pertaining to his official duty* is conclusive. State v. Leftwich, 46 La. Ann. 1194, 15 So. 411. It was the official and *mandatory* duty of the judge to refuse to receive a verdict not responsive, and direct that a responsive verdict be returned. Code Cr. Proc. art. 402.

### Decree.

For the reasons assigned the judgment appealed from is affirmed.

O'NIELL, C. J., dissents.