KUTLER v. UNITED STATES (two cases).

Nos. 5218, 5219.

Circuit Court of Appeals, Third Circuit.

May 8, 1934.

On Reargument Sept. 30, 1935.

Harry M. Miller, of Philadelphia, Pa., for appellants.

Charles D. McAvoy, U. S. Atty., and Thomas J. Reilly, Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

BUFFINGTON, Circuit Judge.

From the record in these cases it appears that one Herman Rovner, who did business in Philadelphia as A. Rovner & Sons, was duly adjudged bankrupt. Thereafter the said Herman Rovner, together with Benjamin Kutler and Samuel Kutler, were indicted on the charge that they did "knowingly, wilfully and fraudulently conceal property belonging to the bankrupt estate of said Herman Rovner, t. a., A. Rovner & Sons, etc., to the value of $80,000." On trial, Herman Rovner pleaded guilty and appeared as a witness for the government. The Kutlers pleaded not guilty, went on the stand as witnesses, and were convicted. From the sentences imposed on them, they appealed to this court.

The testimony of Rovner, if believed, as it evidently was by the jury's verdict of guilty, tended to show that the three men planned the fraud by which this was done. In substance, large quantities of merchandise were to be ordered on Rovner's stationery and, when received, were to be removed and thereafter sold by the Kutlers and the net proceeds divided among the three men. In this way some $82,000 of merchandise was obtained and sold by the Kutlers, and Rovner received as his share some $25,000.

The questions involved in the case are, as stated in appellants' brief, first, the alleged erroneous admission of testimony, and, second, the alleged overemphasis of the government's case in the court's charge. We here note that there are no grounds to sustain these assignments, as timely exceptions were not taken, but, notwithstanding this, we have studied the proofs and considered the alleged errors as though properly before us, with the result that we find error in none of these assignments. Complaint is made that there was error in allowing the receiver in bankruptcy to testify that on taking possession of Rovner's store he found it was from four-fifths to nine-tenths empty and contained less than a thousand dollars worth of goods. As Rovner testified that, as received, he made a record of the goods turned over to the Kutlers and received in reply yellow lists showing the disposition of the goods, it is clear that the testimony of what was found in the store was confirmatory of his story. As to these yellow sheets which Rovner produced, they were alleged by him to have been initialed and delivered to him by Kutler, and the latter denied this was the fact.

All the members of the court have studied the proofs, the other alleged errors and the charge of the court, with the result that we find no error, and the judgments below are affirmed.

On Reargument.

DAVIS, Circuit Judge.

This case is here on reargument. The appellants, Benjamin Kutler and Samuel Kutler, were jointly indicted in the first count with Herman A. Rovner, for conspiring to conceal assets, merchandise, goods, and wares, etc., belonging to the bankrupt estate of Herman Rovner & Sons, "from the said John M. Hill, Esq., receiver," etc.

They were indicted in the second count for conspiring "to conceal cash to the amount of $38,000 and upwards (the exact amount being to this Grand Inquest unknown), from the said Receiver in Bankruptcy, John M. Hill, Esq.,"

■ The fact is that it was not John M. Hill but Milton Bennett who was the receiver of the estate of Herman Rovner.

442

John M. Hill was and is the referee in bankruptcy. It is a crime to conceal assets from a receiver in bankruptcy, but it is not a crime to conceal them from the referee, to whom the case has been referred by the district judge, for the referee has no right to the assets. The receiver during the time he acts as such is the legal owner of the assets and has a right to their possession. Consequently the concealment from him is a crime, but the charge that the defendants conspired to conceal assets from John M. Hill who was not the receiver, though erroneously so called, was not a crime. Until 1926, it was not a crime to conceal property of a bankrupt estate from a receiver, but the Congress in that year enlarged the number of persons from whom it was a crime to conceal assets by adding receivers, United States marshals, or other officers of the court charged with the control or custody of property to the list. John M. Hill, referee, was not an officer of the court charged with the control or custody of the property. Therefore, the indictment did not charge a crime and the defendants could not plead this conviction as a bar to a prosecution on another indictment charging them with conspiracy to conceal assets from Milton Bennett, receiver, etc.

The word "receiver" following the name of John M. Hill is in apposition with the name of Hill and defines his position or status. It is true in the recitative part of the indictment it is stated that Milton Bennett was appointed receiver of the estate of Herman Rovner, but the charging part of the indictment, in which it is charged that defendants conspired to conceal assets of the bankrupt estate from John M. Hill, receiver, cannot be enlarged by the recitative part.

Where an essential word or clause is omitted from an indictment, such omission is fatal to the indictment, even though the court may know what was intended. Cannon v. State, 60 Ark. 564, 31 S. W. 150, 32 S. W. 128; State v. Graham, 49 La. Ann. 1524, 22 So. 807; State v. Daugherty, 30 Tex. 360; State v. Leach, 27 Vt. 317. A false description of a person, where such description is essential, constitutes a fatal variance. Burns v. People, 28 Colo. 84, 62 P. 840; State v. Leonard, 7 Mo. App. 571; People v. Hughes, 41 Cal. 234; Wharton's Criminal Evidence, vol. 1, § 101. Where there is an allegation which describes, defines, qualifies, or limits a matter material to be charged, it is taken as a descriptive averment, and the general rule is that it must be proved as laid, even though such particularity of description was unnecessary. Trice v. State, 116 Ga. 602, 42 S. E. 1008; United States v. Howard, 26 Fed. Cas. 388, No. 15,403; State v. Lashus, 67 Me. 564; State v. Langley, 34 N. H. 529; Commonwealth v. Dejardin, 126 Mass. 46, 30 Am. Rep. 652. In the case at bar, the word "receiver" describes John M. Hill and such description was essential. It was accordingly necessary for the government to prove it, but the evidence showed that the description was false and the variance was fatal.

It follows that the judgment must be reversed.