**UNITED STATES of America**
v.
**Joseph Dominick BUTCH.**
**Crim. No. 19482.**

United States District Court
E. D. Pennsylvania.
July 30, 1958.

Jos. L. McGlynn, Jr., Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

William Austin Meehan, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case comes before· the court on defendant's post-trial motion for judgment of acquittal and, in the alternative, for a new trial, filed after a jury returned a verdict of guilty on both counts under which he was tried.

Defendant was indicted in the fifth and sixth counts of an Indictment for possessing and receiving, respectively, stolen goods (102 tires), knowing them to have been stolen, in violation of 18 U.S. C.A. § 659.[1] Three co-defendants were

1. This section provides:
"Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception obtains from any railroad car, wagon, motortruck, or other vehicle, or from any station, station

charged in the first two counts of the Indictment with having stolen and possessed these 102 tires in violation of 18 U.S.C.A. § 659. A fourth co-defendant was charged in Counts III and IV with possessing and receiving these stolen goods. Defendant was tried alone, since the four co-defendants entered pleas of guilty to the first four counts prior to his trial.

At the time of filing his able brief in support of his motion, defendant pointed out for the first time that Counts V and VI of the Indictment did not state all the essential elements of the crimes of possessing and receiving stolen goods as set out in 18 U.S.C.A. § 659. Defendant contended in his brief and in his oral argument that, since these counts do not allege the place or facility from which the tires were stolen, he is entitled to a judgment of acquittal in view of United States v. Manuszak, 3 Cir., 1956, 234 F.2d 421, 422–423. However, only one count in the Manuszak case, supra, was based on 18 U.S.C.A. § 659, so that the missing elements of the crime were not contained in the allegations in any other count of that Indictment, whereas in this case the place or facility from which the 102 tires were taken (namely, a truck of Associated Transport, Inc., at Philadelphia) was alleged in the first count of this Indictment.[2]

■ Although the trial judge recognizes the strength of the language in the Manuszak case, supra, and of the defendant's position in reliance on it, the decisions of the federal appellate courts indicate to the undersigned that it would not be applied to this situation because of the more detailed language in the first count of this Indictment.[2] In the Manuszak case, supra, there was no count in the Indictment charging the essential ingredient of the crime that the goods were stolen from a motor truck, vehicle or depot, whereas in the first count of this Indictment it was charged that the goods were stolen "from a truck owned and operated by Associated Transport, Inc." at Philadelphia.[2] The fifth and sixth counts, containing the charges against this defendant for possessing and re-

---

house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight or express; or

"Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen; or * * *."

2. Count I reads:

"That on or about December 20, 1957, at Philadelphia in the Eastern District of Pennsylvania, Albert Charles Hadden, Louis F. Richardson and William Joseph Donnelly, hereafter referred to as defendants, did knowingly and unlawfully, with intent to convert to their own use, steal, take and carry away from a truck owned and operated by the Associated Transport, Inc., Philadelphia aforesaid, *certain goods which were an interstate shipment of freight from Philadelphia, Pennsylvania, to Beverly, Massachusetts, to wit: 102 tires, having a value of approximately $2400.00, which said tires had been theretofore consigned by*

*B. F. Goodrich Company, Philadelphia, Pennsylvania, to the Gulf Oil Corporation, Beverly, Massachusetts; in violation of Title 18 U.S.C. Section 659.*" (Emphasis supplied.)

Count V reads:

"That on or about December 21, 1957, at Philadelphia in the Eastern District of Pennsylvania, Joseph Dominick Butch did knowingly and unlawfully have in his possession *certain goods which were an interstate shipment of freight from Philadelphia, Pennsylvania, to Beverly, Massachusetts, to wit: 102 tires, having an approximate value of $2400.00, which said tires had been theretofore consigned by the B. F. Goodrich Company, Philadelphia, Pennsylvania, to the Gulf Oil Corporation, Beverly, Massachusetts,* he, the said Joseph Dominick Butch, well knowing the same to have been stolen; *in violation of Title 18 U.S.C. Section 659.*" (Emphasis supplied.)

The underlined words are the same in both counts, so that it is clear that the goods possessed were those stolen as described in Count I. Count VI contains the same words as Count V, except that it charges defendant with "receiving," rather than "possessing."

ceiving the stolen goods, described these goods in identical language with that contained in the first count, so that it was clear to this defendant that he was being indicted for possessing and receiving the goods which had been stolen as described in the first count.[3] See United States v. Howell, 3 Cir., 1956, 240 F.2d 149, 152–154. Ever since Dunbar v. United States, 1895, 156 U.S. 185, 190, 15 S.Ct. 325, 327, 39 L.Ed. 390, the federal appellate courts followed the statement in this case that "the entire indictment is to be considered in determining whether the offense is fully stated." See Grandi v. United States, 6 Cir., 1920, 262 F. 123; Butzman v. United States, 6 Cir., 1953, 205 F.2d 343, 349; certiorari denied 1953, 346 U.S. 828, 74 S.Ct. 50, 98 L.Ed. 353; Carlson v. United States, 10 Cir., 1957, 249 F.2d 85, 88. In the Carlson case, supra, the fifth count of an Indictment was sustained on the ground that language in it was explained by wording of the first count, even though there was no specific reference in the fifth count to the first count.[4]

▮▮▮ Although the trial judge agrees that there is force in the able argument of counsel for the defendant on this point and that it would have been preferable form to incorporate in Counts V and VI, by specific reference, the language of Count I,[5] this Indictment conforms with the standards applied by the United States Court of Appeals for the Third Circuit to indictments when challenged after verdict. See United States v. Angelo, 3 Cir., 1946, 153 F.2d 247, 250; United States v. Howell, 3 Cir., 1956, 240 F.2d 149, 153–154; United States v. Allegrucci, 3 Cir., 258 F.2d 70, and cases there cited.[6] This is the type of objection to the Indictment that should be raised "only by motion before trial,"[7] since the indictment as a whole alleges all the elements of the offense. Under these circum-

3. The trial judge has not overlooked the fact that Count I does not, by its terms, apply to defendant, but the Indictment charges one theft by certain persons and the persons who possessed and received the stolen property following that theft. Although language can be found in cases (particularly those prior to the adoption of the Federal Rules of Criminal Procedure, such as Kellerman v. United States, 3 Cir., 1924, 295 F. 796, 798–799; Kutler v. United States, 3 Cir., 1935, 79 F.2d 440, 442) indicating that an indictment is defective unless all elements of the crime are stated explicitly, the facts of such cases are materially different from this case.

4. The court used the following language at page 88:
 "It is urged that Count 5 under which Carlson was charged with and convicted of the offense of carrying on the business of a wholesale liquor dealer is defective in that it states that Carlson engaged in such business 'during the fiscal year 1956.' The argument is that this covers the period July 1, 1956, to June 30, 1957, and that as the evidence shows the sales were made prior to March 6, 1956, there is a fatal variance between the indictment and the proof. The indictment must be considered as a whole. Count 1 of the indictment against Carlson charges an offense occurring 'during the fiscal year of 1956, beginning July 1, 1955.' * * * The indictment was sufficient under the rules stated in United States v. Crummer, supra, [10 Cir.] 151 F.2d [958] at page 962, and there was no variance."

5. See fourth sentence of F.R.Crim.P. 7 (c), 18 U.S.C.A.; McClintock v. United States, 10 Cir., 1932, 60 F.2d 839, 840; Walker v. United States, 9 Cir., 1949, 176 F.2d 796, 798; and cases cited in those cases. The use of the word "may," as opposed to "shall" or "must," in the above-mentioned fourth sentence should be noted. This Indictment also presents a strong case for the Government's argument of incorporation by reference through implication. See United States v. Howell, supra, 240 F.2d at page 154.

6. See, also, United States v. Debrow, 1953, 346 U.S. 374, 376–377, 74 S.Ct. 113, 98 L.Ed. 92, and cases there cited. An examination of the cases relied on in the Manuszak opinion (Wolkoff v. United States, 6 Cir., 1936, 84 F.2d 17; United States v. Cohen, 3 Cir., 1921, 274 F. 596; United States v. McCulloch, D.C.N.D.Ind. 1947, 6 F.R.D. 559) shows that they present a far different factual situation than is presented by this record.

7. See first sentence of F.R.Crim.P. 12(b) (2).

stances, Counts V and VI of the Indictment will be sustained.[8]

■ After careful consideration of the record, the defendant's contention that the evidence is insufficient to sustain a conviction is rejected.

■ In connection with the reasons stated in support of defendant's alternative motion for new trial, the verdict is supported both by the weight of the evidence and by substantial evidence. The defendant called no witness other than himself and the jury was entitled to believe the Government witnesses on points where the defendant's testimony contradicted them.

■ Also, defendant argues that the jury was not adequately instructed on the weight to be given to defendant's admissions in Exhibit G-5.[9] Defend-ant admitted that all the statements save one[10] attributed to him in this summary of his talk with F. B. I. agents were made, but testified that the statements were not true (N. T. 224). He related the circumstances surrounding the giving of said statements, apparently in an attempt to say they were not voluntary,[11] and alleged that he made the statement because he was frightened.[12]

■ Although error is now assigned to the trial judge for not instructing the jury more fully as to the weight to be given defendant's admission and as to the burden resting on the Government, counsel for defendant made no objection to the contents of the charge in these respects at the time it was given. In failing to object at that time, he may not now assign the omissions as error.[13]

8. In view of the foregoing reasoning, it is not necessary to pass on the Government's other contentions, such as that the legislative history of 18 U.S.C.A. § 659 requires the conclusion that the only elements of the crime stated in the second paragraph of that provision of the U. S. Criminal Code are the following stated in Rosen v. United States, 2 Cir., 1920, 271 F. 651, 654:

"To sustain a conviction under the act it must be shown: (1) that the goods and chattels involved were stolen. (2) that at the time they were stolen they were articles of interstate transportation and in the course of such transportation. (3) that the defendants came into possession of them. (4) that they received them knowing them to have been stolen."

See pages 1 to 4 of Government's brief, which, together with defendant's brief, has been placed in the Clerk's file.

9. Defendant claims that the judge should have (a) more fully instructed the jury that it was within its province to disregard the judge's admission of defendant's confession into evidence; (b) instructed the jury that it might give whatever weight it desired to defendant's confession; (c) instructed the jury that where there is a conflict of testimony as to the manner in which the confession was extracted, the burden is on the prosecution to show that the confession was not obtained by improper means (defendant's brief, p. 10).

10. Part of the statement read: "I also figured the tires were stolen." The defendant testified at p. 223 of the notes of testimony that he did not make that statement. The document in question was not signed by him.

11. The testimony of the Government officers and defendant as to the circumstances surrounding the questioning and the statements made vary in many instances (compare N. T. 151–166 and 182–5 with 216–9). It seems clear that there was not unreasonable delay in arraigning the defendant. See United States v. Howell, supra, 240 F.2d at pages 154–155. After he was arrested, he was taken to the F. B. I. offices, where he arrived about 5 P.M. (N. T. 216), and, due to inability to reach the commissioner, was placed in the City Jail until the next morning. On the question of whether or not there was actually an unreasonable delay in arraigning the defendant or if the statements made to the Government officials were properly admitted, see Porter v. United States, D.C.Cir., 258 F. 2d 685, and cases there cited.

12. See pp. 227–9 of the Notes of Testimony.

13. F.R.Crim.P. 30 states in part:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The trial judge gave adequate and impartial instruction to the jury on the conflict in testimony and the credibility of the witnesses (N. T. 316–9).

 Even if error was committed by the trial judge, the error was harmless and did not affect any substantial rights of the defendant. The defendant's own testimony corroborated virtually all the statements contained in Exhibit G-5. Even the one statement in said document which he alleged he never made to the Government officials was substantially admitted by him in his testimony (N. T. 228). Also, since there was other evidence in the record concerning the same issues, his substantial rights were not violated.[14]

 Defendant contends that the trial ·judge's supplemental charge to the jury, in answer to the following question asked by the jury after they had been deliberating for over an hour-and-a-half, was reversible error (N. T. 337):

"If the jury finds the defendant guilty of knowingly possessing stolen goods on the 2nd of January can we find him guilty on Count No. 5 even though the indictment specifies a date of on or about the 21st of December?"

The defendant had testified that the night before he was arrested he had read in the paper that Hadden and Donnelly had been arrested for stealing tires (N. T. 229, 257–8). The evidence showed that defendant was arrested on the afternoon of January 2, 1958. Count

V alleged possession of the stolen tires "on or about December 21, 1957." After careful consideration, the trial judge has concluded that there was no error in this supplemental charge,[15] which gave an affirmative answer to this question.

At the time set for sentencing the defendant, an order will be entered, denying defendant's post-trial motion described above.

---

See Iva Ikuko Toguri D'Aquino v. United States, 9 Cir., 1951, 192 F.2d 338, 356, certiorari denied 1952, 343 U.S. 935, 72 S.Ct. 772, 96 L.Ed. 1343, rehearing denied 1952, 343 U.S. 958, 72 S.Ct. 1053, 96 L.Ed. 1358 and 1953, 345 U.S. 931, 73 S.Ct. 786, 97 L.Ed. 1361; Skiskowski v. United States, 1946, 81 U.S. App.D.C. 274, 158 F.2d 177, certiorari denied Quinn v. United States, 330 U.S. 822, 67 S.Ct. 769, 91 L.Ed. 1273, rehearing denied 1946, 331 U.S. 870, 67 S.Ct. 1749, 91 L.Ed. 1872.

14. F.R.Crim.P. 52. See Jackson v. United States, 1952, 91 U.S.App.D.C. 60, 198 F.

2d 497, certiorari denied 1952, 344 U.S. 858, 73 S.Ct. 96, 97 L.Ed. 666; Schowers v. United States, 1954, 94 U.S.App.D.C. 374, 215 F.2d 764.

15. See Yaw v. United States, 9 Cir., 1955, 228 F.2d 382, 383. Even if there was error, it was harmless in view of the fact that the jury found the defendant guilty on both counts of the Indictment, hence finding that he had the guilty knowledge when he received the tires, which was admittedly on or about December 21, 1957.