PER CURIAM.
The defendant, Arthur Mitchell, appeals his jury conviction of simple escape (La. R.S. 14:110) on the basis of two bills of exceptions reserved and perfected during his trial. However, we do not consider these bills because there is an error, patent on the face of the error, which merits attention. (La.C.Cr.P. Art. 920).
The court minutes state: “The jury then rendered a written verdict as follows . . . State v. Arthur Mitchell, Guilty Simple Escape, signed Jessie J. Bordelon, Foreman.” However, in the verdict itself the word “guilty” was not used, and, indeed, it does not specify its decision. The verdict itself reads: “Verdict, simple escape, signed Jessie Bordelon, Foreman . . .”
This verdict is not responsive to the indictment. La.C.Cr.P. Art. 815. “The finding of the jury of the' guilt of the prisoner must be direct and positive . the court is not authorized or justified to 'reason’ to an inferred verdict of guilty against the accused” where the verdict consists simply of a recitation of the name of the crime, not prefixed by the words "guilty of”. State v. Johnson, 46 La.Ann. 5, 14 So. 295 (1894); State v. Flanakin, 128 La. 455, 54 So. 940 (1911); Cf. State c. Milam, 176 La. 879, 147 So. 22 (1933). See also; La.C.Cr.P. art. 810; State v. Gueringer, 209 La. 118, 24 So.2d 284 (1924); 5 Wharton’s Criminal Law and Procedure § 2129 at 321 (1957).
The conviction and sentence are reversed, and the case is remanded for a new trial.
SANDERS, J., dissents.