No. 8321.

THE STATE OF LOUISIANA VS. WATKIN SMITH.

Alleged errors or irregularities in the drawing of jurors, cannot invalidate the panel, unless fraud has been practiced or some great wrong committed.

A juror, charged with an offence, such as assault and battery, not punishable by hard labor, is not incompetent.

The appointment of the foreman and the verdict itself may both be verbal.

The verdict being written: "guilty of mansluder," for manslaughter, is valid.

The sentence is legal though the accused was not asked by the Court if he had any thing to say why it should not be passed. Previous Decisions affirmed.

APPEAL from the Twenty-second Judicial District Court, parish of St. James. *Cheevers, J.*

*F. B. Earhart,* District Attorney, for the State, Appellee:

There is no law requiring verdicts to be in writing. 32 A. 854 ; 8 R. 513, 518; 31 A. 96.

No foreman need be appointed and verdict may be delivered orally. 31 A. 96.

Bad orthography will not vitiate or void a verdict. 32 A. 854, 782 ; 31 A. 91.

It is not sacramental that prisoner should be asked if he has any thing to say why sentence should not be pronounced, etc. 32 A. 855 ; 28 Ga. 576 ; 27 Mo. 324; 33 A. 991.

Polling jury reproves doubt as to verdict. Bishop's Criminal Procedure, vol. 1, 1003, 1004.

There is no educational qualification for jurors or voters in this State. Section 10, Jury Law, Act 44, 1877, covers a multitude of sins of jury commissioners.

*J. L. Gaudet* for Defendant and Appellant:

Jury commissioners should not allow the names of incompetent persons to remain in the box from which the venire is drawn, otherwise the array will be vitiated. 20 A. 356 ; *ib.* 442

Persons charged with crime, punishable in the Penitentiary, are incompetent jurors. Act No. 54 of 1880.

A verdict of "mansluder" is null and void, and charges no crime known to the law.

The incompetency of one grand juror will vitiate the whole proceedings. 8 R. 590 ; *ib.* 616 ; 21 A. 251.

Before passing sentence upon an accused, the judge, in cases of felony, must ask him whether he has any thing to say why sentence should not be passed upon him. 30 An. 326.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The accused was indicted for the crime of murder. The jury returned a verdict of manslaughter. The judge inflicted a sentence of six months at hard labor, in the State Penitentiary.

Appealing, the defendant claims the verdict and sentence should be set aside; because of informalities in the drawing of the jury; because the grand jury, who found a true bill, was incompetent ; because the verdict is null and void ; because, before passing sentence, the judge did not ask the prisoner if he had any thing to say why sentence should not be passed on him.

1. The informalities charged in the drawing of the jury, are said to consist in the absence of recitals in the *proces verbal* of the jury commissioners, to the effect, that the clerk had been in custody of the original and general *venire* list ; that the box, from which the jury was drawn, had been in the keeping of the clerk ; that the box had not been opened previous to the day of drawing ; that it was opened in the presence of the commissioners, or of a majority of them ; that the names of incompetent persons were placed in the box, notably, that of one Price, who was charged with the crime of *arson*.

It does not clearly appear that the motion was made on the *first* day of the term. It was the duty of the accused to have shown affirmatively that it was so made, by a transcription at least, of the clerk's filing on it or by an extract of the minutes, with the date of the entry. We are left to infer from the date of the action of the Court on it, that it was made the day on which it was overruled, that is, the 25th of June, 1881, necessarily after the *true bill* had been found and returned in open Court by the grand jury. Such things which are of signal importance to the accused, 32 A. 782, should not be left to inference.

Conceding, however, that it was made on the first day of the term, it should not prevail.

Whatever be the grounds relied upon, the motion does not contain any specific charge that " some fraud has been practiced, or some great wrong committed in the drawing and summoning of the jury, that would work a great and irreparable injury."

Mistakes and errors of officers entrusted with the drawing of jurors cannot invalidate the panel, except on such averment and proof in support. Act 1877, No. 44, Sec. 10 ; 3 Whart. Cr. L. 3378 ; Graham on N. T. 35 ; State vs. Dozier *alias* Lobster 33 An. 1362; 31 An. 34 ; 22 An. 9.

Unless thus assailed, the *procès verbal* cannot be attacked or explained. 31 An. 94, 388 ; 27 An. 394 ; 26 An. 580.

2. The charge cannot hold that the grand jury who found the bill was incompetent, because one Ferry, who was one of its members, was disqualified from serving, as, at the time, he was charged with an in-

famous crime or offense punishable by hard labor, etc., and because his incompetency vitiated the whole proceedings.

It is sufficient to say that the existence and nature of the charge is not to be ascertained from the affidavit, as seems to be contended, but from the indictment or information, which was simply for "assault and battery", which is not punishable by hard labor.

3. The verdict of the jury is said to be null and void, because, when the jury returned into court, with their verdict, it was ascertained that the same was not written, or signed by the foreman, who could not write or sign his name, but by another member of the jury, who affixed the name of *Ja Washington,* to the verdict. The District Attorney asked the court to instruct the jury to choose a foreman who could write, if they wanted to render their verdict in writing, or to render it orally. Defendant having objected, the court ordered the clerk to read the verdict, which was announced in the following words : "We are the jury find Watkins guilty of mansluder", "Ja Washington." The jury was then polled and separately assented to the verdict, which was ordered to be recorded accordingly.

It is true, there was no man by the name of *Ja Washington* on the jury, but there was one whose name was *Jiles Washington,* a name *idem sonans* and whose identity was not disputed. That irregularity would be trivial and hardly worthy of notice.

There is no law which requires the appointment of a foreman and verdicts to be in writing. Verdicts may be delivered orally. Polling the jury regularizes the proceedings. The member of the jury who wrote what was presented as the verdict and who placed to it, what was supposed to be the name of the foreman, evidently was not sufficiently educated in the orhtography of law terms to write the word "*manslaughter*" correctly, but he wrote it in such a manner as to make the verdict fully intelligible and a sufficient basis for record and judgment.

In the case of State vs. Ross, 32 An. 855, where the verdict was "*Guilty witholt capitel purnish*", the court held that it was not illegal and approved the judgment. 32 An. 782 ; 8 R. 513, 518 ; 31 An. 91, 96, 369.

The law does not require jurors to be philologists. All that the law requires is their ability to appreciate the facts and to apply the law. When they have done that and expressed their sense in an intelligible and unequivocal form, the law is satisfied.

4. The last ground is untenable, that the record does not show that the accused was asked before sentence, whether he had anything to say why sentence should not be passed upon him. It does not appear that the accused asked to speak before sentence was passed.

The more recent and considerate authorities and rulings on this

point are that it is not sacramental that the prisoner should be thus inter-rogated. 28 Ga. 576 ; 27 Mo. 324 ; therefore, that its entire omission is not fatal to the sentence. 32 An. 855 ; 33 An. 991.

The *obiter dictum* in 30 An. 326, that it is well to observe this ancient form, even if it went to the extent claimed by the appellant, could not be invoked to outweigh those authorities and invalidate the judgment.

Judgment affirmed.