LAND, J.
The information charges that J. W. Selsor, on or about March 23, 1916, “did unlawfully use the name of John Bailey in ordering and receiving one cask of intoxicating beer, at Oil City, Caddo parish, La., in which said parish the sale of intoxicating liquors is prohibited.”
The information was filed under section 8 of Act No. 23 of Extra Session of 1915, reading as follows, to wit:
“Section 8. Be it further enacted, etc., that it shall be unlawful for any person to use the name of another in ordering or receiving shipments of intoxicating liquor in prohibited territory and it shall likewise be unlawful for any person to permit the use of his name to another for such purpose.”
The defendant filed a motion for a bill of particulars and a motion to quash, both of which were overruled by the trial judge.
Thereupon the defendant on his plea of not guilty was tried, convicted, and sentenced to serve 30 days in jail and to pay a fine of $305 and costs.
The defendant has appealed to this court.
Bill of Particulars.
[4] The information charges the offense conjunctively, and, in substance, follows the language of the statute. The information alleges the date as “on or about” March 23, 1916, but does not give the place from which the shipment was made.
Defendant filed a motion for a bill of particulars, stating:
(1) The name of the party from whom the beer was ordered.
(2) The name of the place from which the beer was ordered.
(3) Whether such order was made with the consent of the party in whose name the beer was ordered.
(4) Whether the same was for the benefit of the party in whose name it was ordered, or for the benefit of the defendant.
(5) The date on which said orders were given, and the dates when the shipments were received.
The motion states that there were six charges of a similar character pending against the defendant, and the information called for was necessary in order for .him to properly prepare his defense.
Under Act No. 23, E. S. 1915, it was immaterial whether the shipment was from a place within or without the state of Louisiana, or who was the shipper, as the offense consisted in the ordering or receiving of the intoxicating liquor.
The third and fourth requests appertain to the merits of the case.
The alleged date of the commission of the offense is sufficient.
The motion does not give the dates set forth in the six other similar charges, and therefore it does not appear that the defend *471 ant was prejudiced by any confusion of dates.
Tbe granting of a bill of particulars “is a matter resting greatly in the discretion of the trial judge.” State v. Goodson, 116 La. 398, 40 South. 771.
Motion to Quash.
[1] In this motion the defendant assails Act No. 23 of E. S. 1915, as illegal and unconstitutional, on the following grounds:
“(1) That it is an attempt on the part of the Legislature to regulate interstate commerce in violation of article 1, § 8, of the Constitution of the United States.”
The answer to this contention is that Congress by the Webb-Kenyon Act (U. S. Comp. St. 1913, § 8739), adopted March 1, 1913, had already prohibited the interstate shipment or transportation of intoxicating liquor of any bind, into any state, territory, or district of the United States, “intended by any person interested therein to be received, possessed, sold, or in any manner used, either, in the original package or otherwise in violation of the law of such state, territory or district of the United States.”
Hence Act No. 23 of E. S. 1915 violated no federal law in prohibiting the shipment of intoxicating liquor into' “dry” territory “either from within or without the state.”
As stated, supra, Congress had already prohibited such shipments from without the state, for the purpose of illegal sale; and Act No. 23 of E. S. 1915 prohibited such shipments in general terms, except as provided in the act.
Section 9 of the statute reads as follows:
“That nothing in this act shall prohibit any common carrier, or any person, firm or corporation from receiving and shipping to any person for his own use or that of his family, in one package, and at one time,” certain specified quantities of intoxicating liquors, beer, and wine.
Section 10 provides that nothing in the act shall prohibit druggists, or persons in charge of certain institutions, including hospitals, or. manufacturers, or persons engaged in meehancial pursuits, from receiving for business uses, provided the same shall not be sold for use as a beverage.
[3] Section 8 was enacted for the purpose of preventing the real purchaser of intoxicating liquors from concealing his identity by using -the name of another person; a fictitious name serves the same purpose.
The offense is completed by the giving of the order, or by the receiving of the shipment, in the name of another.
“(2) That said act in any event is illegal and unconstitutional, and is in violation of article 31 of the Constitution of the state of Louisiana, in that the object of said act is not expressed in its title, and in that the title of said act and the act itself have more than one object.”
Article 31 of the Constitution of 1913 reads as follows:
“Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title.”
The title of Act No. 23 of E. S. 1915 is as follows:
“An act to regulate the shipment of intoxicating liquors into portions of this state where the sale of liquor is prohibited, either from within or without the state; to define the term intoxicating liquor as used in this act; to regulate the delivery of intoxicating liquors to consignees; to provide for the marking of packages containing intoxicating liquors; to provide for the making and preservation of records and documents of carriers and to provide penalties for the violation of the provisions of this act.”
It is obvious that the general object or subject-matter of the act is set forth in the first three lines of the title; that the next provision relates to a definition of the term “intoxicating liquor”; that the three following relate to particular measures of regulation; and the last relates to penalties for the violation of the provisions of the act.
It has been held by this court that different special objects, in a statute forming part of a general object, afford no good ground to decree the nullity of the law as in contraven *473 tton of article 31 of the Constitution. See State v. Breaux, 122 La. 518, 47 South. 876, citing State v. Henderson, 32 La. Ann. 781.
• The general object of an act must not be confused with the means or agencies provided for its accomplishment or, in other words, particular provisions of certain , sections cannot be considerd as the object of the law.
A general law may deal with several branches of one subject, or provide all the means deemed necessary to accomplish one general purpose, without violating article 31 of the Constitution of the state. State v. Doremus, 137 La. 269, 68 South. 605. See, also, Lebeau v. Police Jury, 72 South. 914, ante, p. 172, just handed down.
“(3) That under the Constitution and laws of said state the citizens have a right to keep and have in their'possession, for their own use, any quantity of intoxicating liquors, and to obtain them either locally or from other states in any manner or? form they may desire. That their right to receive and have such liquor in their possession is a property right which cannot be destroyed by the said state, as attempted in said act; and the said act is therefore in violation of the Constitution of the United States, and particularly the Fourteenth Amendment thereof, and the Fifth Amendment thereto.”
Suffice it to say that the record does not show that the defendant ordered or received the intoxicating liquor as charged, for his own use.
The admission that he stands charged with six other similar offenses suggests the contrary.
“(4) That if it be claimed that said act is justified by the act of Congress known as the Webb-Kenyon Act, and if it be held that the said Webb-Kenyon Act justifies any such law as contained in said Act No. 23, then and in such event the said Webb-Kenyon Act is in violation of said article 1, § 8, of the Constitution of the United States; and in so far as’the same attempts such restriction, the same is null and void, for the reason that the Congress of the United States has the exclusive control-of commerce between the several states, and that said Act No. 23, being an effort to regulate commerce between the several states, is in violation of article 1, § 8, of the Constitution of the United States, and therefore is void.”
The Webb-Kenyon Act is presumed to be constitutional, and no ease cited by counsel for defendant supports their contention that said statute violates any provision of the Constitution of the United States.
In Adams Express Co. v. Kentucky, 238 U. S. 190, 35 Sup. Ct. 824, 59 L. Ed. 1267, L. R. A. 1916C, 273, Ann. Cas. 1915D, 1167, it. appeared that an interstate shipment of liquor into Kentucky was not to be used in violation of the laws of Kentucky, and the court held that in such a case the said act had no effect to change the general rule that a state may not regulate commerce which is wholly interstate.
In the case at bar, it is not shown, as in the case cited, that the intoxicating liquor ordered and used by the defendant, as charged, was not to be used in violation of the laws of Louisiana. .
“(5) That section 8 of said act violates the fundamental rights of the citizen without any reason therefor, and its purpose is not embraced in the title of said act, but is contrary to the constitutional rights of the citizen, and violates the Fifth and Fourteenth Amendments to the Constitution of the United States.”
The citizen has no fundamental right to order or receive shipments of intoxicating liquor to be used in violation of the laws of his state.
It is to be noted that neither of the bills of exception taken to the overruling of defendant’s motions for a bill of particulars and his motion to quash, contains any statement of facts.
[2] One of the defendant’s bills of exception was to the refusal of the trial judge to find the following proposition of law governing the decision of this ease:
“The charge against the defendant is that he ordered and received in the name of another a cask of beer, and it must be proven beyond a reasonable doubt that the defendant did both; that he ordered the shipment and received it. It is not enough to show that he received it. It must be shown that he ordered it.”
This special charge was requested on the following predicate:
*475 “That the state having failed to introduce any evidence showing that the defendant had ordered the shipment of beer in question, the proof showing only that it was received by his servant, Lee Woods, at Oil Oity, La., who signed the name in receipt for it as set forth in the indictment, counsel for defendant requested the court to charge as above stated.”
Section 8 of Act 23 of E. S. 1915 embraces two cognate offenses, and the accused may be convicted of ordering, receiving or both.
“When a statute enumerates several offenses disjunctively and they are charged in one count conjunctively, a verdict for either of such offenses is good.”
See Marr’s Crim. Jurisprudence of La. p. 813, § 471, and State v. Calvin & Stanley, 42 La. Ann. 978, 8 South. 469, and authorities there cited.
This rule of practice is too well settled in this state to be shaken by the one or two cases to the contrary in other jurisdictions.
The record contains another bill of exception to the refusal of the trial judge to find the following proposition:
“It is not a violation of law to order or receive shipments of liquor under a fictitious name, and an order or receipt for such liquor under a fictitious name is no crime under the law. It must be in the name of another having actual existence.”
The industry of counsel has discovered two cases in other jurisdictions which apparently sustain his right to the requested charge, but we consider such holdings entirely too technical to be adopted by this court.- The purpose of section 8 of Act 23 of E. S. 1915 was intended to prevent persons ordering or receiving shipments of liquors from concealing their identity by using the name of another.
It is obvious that such concealment may be as well effected by the use of a fictitious name as by the use of the name of a real person.
Defendant moved in arrest of judgment on the same grounds urged in the motion to quash.
Judgment affirmed.
O’NIELD, J., concurs in the decree.