LAND, J.
 

 Defendants are charged with the murder of Fred Jordan. They were found guilty aas charged, and sentenced to be hanged.
 

 On appeal, defendants present two bills of exceptions. One of these bills was reserved to the overruling of a motion in arrest of judgment, and the other was reserved to the overruling of a motion for a new trial. Aside from the ground that the verdict is contrary to the law and the evidence, each of these bills is based upon the same ground.
 

 Bills of Exceptions Nos. 1 and 2.
 

 The first verdict returned by the jury was as follows: “We the jury find Henry Hodge and Jessie Simmons guilty as charged with capital punishment.
 

 “[Signed] B. B. Coates, Foreman”
 

 The court considered the form of verdict defective and remanded the jury, after correct instructions as to the various verdicts that could be returned, and as to the proper form of each.
 

 The jury were ordered by the court to retire again, after the instructions given, and to reconsider and report their verdict in open- court in proper form.
 

 The second verdict returned by the jury was as follows: “We the jury find Henry Hodge and Jessie Simmons guilty as charged.
 

 “[Signed] B. B. Coates, Foreman”
 

 Counsel for defendant complains in these bills that he was not given any information as to the nature and character of the first verdict returned by the jury, and was thereby deprived of any chance or opportunity to object to or protest against the action taken by the court.
 

 After instructions by the judge and consultation upon their verdict, the jury returned into open court and were asked, in the presence of defendants and their counsel, if they had arrived at a verdict,- and the foreman handed the judge the bill of indictment, upon which the first verdict had been written.
 

 This verdict was examined by the judge, the district attorney, and the clerk, but was not announced. Counsel for defendants made no objection to the proceedings, and made no request to be informed as to the nature and character of the verdict.
 

 . Had counsel for defense inspected the verdict, he could not have accomplished more than the trial judge did accomplish in the case, as he declined to accept the verdict as defective in form. His action was clearly in the interest of the defendants, since the verdict, qualified “with capital punishment,” might have been intended as a verdict “without capital punishment.”
 

 The action taken by the trial judge was necessary to clear up this matter, and was fully justified by article 402 of the Code of Criminal Procedure, which provides that: “If the verdict be incorrect in form or not
 
 *131
 
 responsive to the indictment, the judge shall •refuse to receive it, and shall remand the jury, with oral instructions as to what verdicts are permissible and as to proper form.”
 

 Counsel for defendant has attacked article 402, as well as articles 401 and 403 of the Code of Criminal Procedure, as unconstitutional on the ground that these articles deny defendants all right and authority to contest the question as to whether or not a verdict tendered is contrary to, or in conflict with, the law and the facts applicable to a case in which a verdict has been agreed upon and tendered to the court.
 

 Article 401 relates to verdicts, “correct in form and responsive,” and to their recordation and discharge of the jury.
 

 Article 403 relates to the refusal of the judge to receive “a verdict responsive to the indictment,” and states that it is a good ground for the plea of jeopardy, if “defendant insists upon his discharge and does not himself bring on a new trial.”
 

 A verdict not received by the trial judge, because incorrect in form, clearly does not put a defendant in jeopardy of life or liberty; nor is a defendant twice put in such jeopardy, when the first verdict is corrected as to form and duly presented by the jury in open court. Const. 1921, art. 1, § 9.
 

 It is idle to contend that the trial judge can be permitted to receive and record verdicts either “incorrect in form or irresponsive to the indictment” under the above articles, since he is expressly prohibited from doing so by article 402 of the Code and, necessarily, a defendant has the right to attack any verdict that may be feceived by the court in violation of such prohibiting law. In such cases, a motion to vacate the verdict, or in arrest of judgment, would unquestionably lie on behalf of a defendant. .
 

 The conviction and sentence of each of the defendants, Henry Hodge and Jessie Simmons, are affirmed.