LAND, Justice.
 

 The defendant was tried by a jury of five, which returned the following verdict:
 

 “We the jury find the defendant guilty of cutting, stabbing, striking, thrusting with a dangerous weapon with intent to kill. Dewitt Denham, Foreman. March 6,
 
 1939.”
 

 When the jury was polled, each member answered that this was his verdict, and the clerk was instructed by the court to file and record the verdict, which was accordingly done. The defendant was remanded to the custody of the sheriff to await sentence. A motion in arrest of judgment was filed by defendant and overruled, and defendant was sentenced by the court to imprisonment in the State penitentiary at hard labor for the term of not less than one year nor more than three years. From the conviction and sentence defendant has appealed.
 

 (1) The information in this case is drawn under Section 791 of the Revised Statutes, as amended by Act No. 43 of 1890, which declares:
 

 
 *609
 
 “Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to commit murder, under any other circumstances than those mentioned
 
 in the preceding section,
 
 shall, on conviction, suffer imprisonment at hard labor or otherwise for not less than one nor more than twenty one years.”
 

 The preceding
 
 Section, Revised Statutes, § 790, as amended by Act No. 24 of 1882, declares that: “If any person lying in wait, or in the perpetration or attempt to perpetrate any arson, rape, burglary or robbery, shall shoot, stab, cut, strike or thrust any person with a dangerous weapon, with intent to commit the crime of murder, he shall, on conviction thereof, be punished with death.”
 

 Act No. 44 of 1890 declares: “That whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to kill shall be deemed guilty of a crime, and on conviction thereof shall suffer imprisonment with or without hard labor for not more than three years.”
 

 The specific charge in this case, under Section 791 of the Revised Statutes, as amended, is that defendant “did of his malice aforethought, wilfully, unlawfully and feloniously cut, stab, strike and thrust one Hugh D. Daniels with a certain dangerous weapon, to-wit: a hand axe, with intent then and there feloniously, wilfully and of his malice aforethought to kill and murder him, the said Hugh D. Daniels, contrary to the form of the Statutes of the State of Louisiana, in such case made and provided, in contempt of the authority of said State, and against the peace and dignity of the same.”
 

 (2) The trial Judge stated to the jury in his written charge:
 

 “In order to render a verdict in this case it requires the unanimous vote of the jury.
 

 “The verdicts which you may render are:
 

 “(1) Guilty as charged.
 

 “(2) Guilty of cutting, stabbing, striking and thrusting with a dangerous weapon with intent to kill.
 

 “(3) Not guilty.
 

 "You will select your own foreman. You may render your verdict orally or in writing. If in writing, which is preferable, you will date it and write it on the back of the information under which your foreman will write his name.
 

 “Under his signature he will add the word foreman.” Transcript IS, 16.
 

 Defendant did not object to the charge of the court as to the verdicts that could be rendered by the jury.
 

 (3) After being charged, the jury retired to the jury room to deliberate and returned in open court the following verdict:
 

 “We, the jury, find the defendant guilty
 
 on the second count.
 
 Dewitt Denham, Foreman.”
 

 The Court instructed the jury that the form of the verdict was incorrect and charged the jury that the responsive verdicts which could be rendered in the case are: (1) Guilty as charged; (2) guilty of .cutting, stabbing, striking and thrusting with
 
 *611
 
 a dangerous weapon with intent to kill; and (3) not guilty.
 

 Whereupbn the jury, after having retired, again returned to the court room with the following writing upon the bill of information : “Feloniously cut, stab, and thrust one Hugh D. Daniels with a certain dangerous weapon, to-wit, a hand axe.”
 

 Whereupon the Court again instructed the jury that the verdict was incorrect and not responsive to the bill of information. The jury, after again being instructed as to the responsive verdicts, was again retired and returned to the court room with the following verdict: “We, the jury, find the defendant guilty of cutting, stabbing, striking with a dangerous weapon with intent to kill.” This verdict without being filed or recorded was handed to the Clerk and the jury polled, all jurors responding that this was their verdict.
 

 However, before the Court ordered the verdict to be filed and recorded, the District Attorney called the attention of the court to the fact that this verdict was in-, correct for the reason that the jury had omitted the word “thrusting” and in that the foreman had not signed his name thereto as foreman nor dated the verdict. Whereupon, over the objection of counsel for the defendant, the Court again instructed the jury to retire and charged them as to the responsive verdicts to the bill of information, after which the jury returned to the court room with the following verdict: “We, the jury, find the defendant guilty of cutting, stabbing, striking, thrusting with
 
 a
 
 dangerous weapon with intent to kill. Dewitt Denham, Foreman. March 6, 1939.”
 

 Thereupon the Clerk, on instructions from the Court, polled the jury, by asking each of its members the question, “We the jury find the defendant guilty of cutting, stabbing, striking, thrusting with a dangerous weapon with intent to kill. Dewitt Denham, Foreman. March 6, 1939. Is that your verdict?”, to which question each juror replied in the affirmative.
 

 Whereupon • the Court instructed the Clerk to file and record the verdict in compliance with the articles of the Code of Criminal Procedure, which was accordingly done.
 

 Counsel for the accused objected each time when the jury was sent back to correct the verdict on the bill of information, and particularly to the last time, for the reason that the Court received the verdict and polled the jury, and thereafter upon motion of the district attorney ordered the jury again retired for the purpose of correcting the verdict.
 

 This objection was overruled for the reason that although the jury had been polled, the Court had not ordered that the verdict be filed and recorded before the District Attorney requested that the jury be again retired in order to correct the verdict.
 

 Counsel for defendant reserved a bill to ' the ruling of the Court.
 

 The accused having thus been tried and convicted was remanded to the custody of the sheriff to await sentence.
 

 
 *613
 
 All the jurors empaneled on the case were discharged until Tuesday, ’March 7, 1939, at 10 o’clock a. m.
 

 The above statements are taken from the minutes of the court and appear at pages 2, 3, and 4 of the Transcript.
 

 (4) On March 17, 1939, counsel for the defendant filed a motion in arrest of judgment, which was assigned for hearing March 24, 1939.
 

 On that date is shown the following minute entry at page 5 of the Transcript:
 

 “The attention of the Court having been directed by counsel for the accused to the fact that both the District Attorney and his Assistant called the attention of the Court in the presence of the jury to the fact that the third verdict brought in by the jury was erroneous in that it omitted the word “thrusting”, on motion of counsel for the accused to correct the minutes of March 6, 1939, so as to show that this suggestion was made to the Court by both the District Attorney and his Assistant before the jury was retired for the fourth time, the Court ordered that the said minutes be corrected so as to read as follows:
 

 “ * * * However, before the Court ordered the verdict to be filed and recorded the District Attorney and Assistant District Attorney called the attention of the Court to the fact that this verdict was incorrect for the reason that the jury had omitted the word “thrusting” and in that the foreman had not signed his name thereto as foreman nor dated the verdict * * * which correction was satisfactory and in accord with the facts.” Transcript 5 and 6.
 

 (5) Defendant has not only reserved a bill of exceptions to the action of the trial Judge and of the District Attorney and of his Assistant, as shown by the minutes of the Court above recited in this opinion; but has alleged in a motion in arrest of judgment that such actions constitute such grave and substantial errors, patent upon the face of the record, as to render the .verdict returned by the jury in this case null and void and of no effect, and to justify arrest of judgment herein.
 

 Argument on the motion in arrest of judgment was made by counsel for the accused and by counsel for the State, after which the same was overruled, and a bill of exceptions reserved by the defense.
 

 The defendant was then called before the bar for sentence. Before he was sentenced, however, his counsel interposed an oral objection to the sentence, for the reason that the fourth verdict, upon which the accused was sentenced, did not name the dangerous weapon with which the accused committed the assault. This objection was overruled for two reasons, first, because it was not contained in the motion of arrest of judgment, which was the only matter before the Court, and which had been previously passed upon, and, second, for the reason that there was no merit in the objection, even if timely and properly made.
 

 The information charges that the assault was committed with a hand axe. The information was read to the jury and carried by the foreman into the jury room. Besides, the second verdict returned by the
 
 *615
 
 jury was “Feloniously cut, stab, strike, and thrust Hugh D. Daniels with a certain dangerous weapon, to wit,
 
 a hand axe,”
 
 thereby clearly showing that the assault was made by the defendant with the weapon named in the information.
 

 Besides, the record fails to show that any other weapon was used by defendant in making the assault. Transcript p. 6.
 

 To this ruling of the Court a bill of exceptions was reserved, and is without merit, for the reasons above assigned.
 

 (6) The per curiam to the bill of exceptions reserved by counsel for defendant as to the actions of the trial Judge, District Attorney, and his Assistant, with reference to the various verdicts rendered in the case is as follows:
 

 “As the minutes of Court in this case will disclose, when the jury returned with the first verdict, the Court seeing that it was not proper in form, recharged the jury as to the responsive and proper verdicts. Their second verdict was not responsive as no intent was stated therein, and the word “guilty” was omitted and the verdict was neither signed nor dated. The jury was again properly instructed as to the responsive verdicts, and again retired to the jury room. The next or third attempted verdict was likewise incomplete and was not signed or dated.
 

 “The Court likewise refused to accept this verdict and again charged the jury on the proper responsive verdicts whereupon the jury again retired, after which they brought in their fourth and final verdict. This verdict was in proper form and responsive to the charge and was accepted by the Court, the jury polled, and the verdict was ordered received and filed and the jury discharged.
 

 “On the last retirement before a proper verdict was reached the District Attorney and his Assistant called the Court’s attention to the defect in the verdict.
 
 Never at any time did the District Attorney or his Assistant or the Court instruct or suggest to the jury what verdict to reach. The Court carefully instructed them as to what verdicts were responsive.
 

 “There is no merit in the bill of exceptions filed herein by counsel for accused, as the fourth and final verdict of the jury is the only verdict which the Court accepted and ordered recorded, thereafter discharging the jury in accordance with articles 400 and 401 of the Code of Criminal Procedure of Louisiana.
 

 “Since the Court is of the opinion that a verdict of guilty of either of the offenses disjunctively charged in the information is good, it is apparent that the defendant suffered no injury. State v. Mosely, 42 La.Ann. 978, 8 So. 471; State v. Selsor, 140 La. 468, 73 So. 270.
 

 “Counsel for accused made a belated oral attack on the verdict, after the motion in arrest of judgment was argued and submitted, on the alleged ground that the verdict is defective for the reason that the jury did not specify any particular type of weapon used.
 

 This contention was held untimely and is likewise without merit, as the verdict which accepted, recorded and ordered filed
 
 *617
 
 is responsive. R.S. No. 791, Acts 1890, No. 43, Sec. 1. State v. Penton, 157 La. 68, 102 So. 14; State v. Cormier, 171 La. 1035, 132 So. 779.
 

 The mimite entries in this case correctly disclose exactly what took place on the trial of this case.
 
 April 10, 1939.”
 

 The minute entries set forth in this opinion fully corroborate the statements made by the able trial judge in the per curiam to this bill, as to what exactly did take place on the trial of this case.
 

 The action of the trial judge shows that he desired only that the jury should put their verdict in the language of the statute, and for that purpose sent them back. This has not the appearance of a dictation, or even a suggestion, of a verdict.
 

 (7) We find no merit in the bill of exceptions reserved by defendant, and no merit in the motion in arrest of judgment filed in this case. Both were properly overruled.
 

 “If the verdict be incorrect in form or not responsive to the indictment, the judge shall refuse to receive it, and shall remand the jury, with oral instructions as to what verdicts are permissible and as to proper form.” Code Crim.Proced. Art. 402.
 

 “It seems quite plain that in every case of a verdict returned
 
 the judge or prosecuting officer or both
 
 should look after its form and its substance so as to prevent a doubtful or insufficient finding from passing into the record of the court.-” Bishop’s Crim.Proced. Vol. 1, Sec. 1004, cited by the court in State v. Keasley, 50 La. Ann. 761, page 763, 23 So. 900.
 

 In the same case the court said: “It is settled by repeated decisions, where the jury returns an incomplete verdict, or one not responsive to any charge in the indictment, the court may direct them to retire and bring in a proper verdict. It follows that the court may inform the jury —without necessarily suggesting what should be the verdict — why it is that the verdict is incomplete or not responsive to the charge.” State v. Keasley, 50 La.Ann. 761, 764, 23 So. 900, 902.
 

 “Until the verdict is received and recorded, it is no verdict; and the jury have the right to alter it. Graham & Waterman on New Trials, vol. 3, p. 1406.”
 

 In the Jeanisse case, State v. Jeanisse, 125 La. 360, 51 So. 290, the verdict was a written verdict, as in the case at bar, and the Court declared that: “This written verdict has no legal effect until duly recorded and confirmed by the jury in open court.” 125 La. page 363, 51 So. page 291.
 

 In State v. McIntosh, 141 La. 150, 74 So. 886, the Court held:
 

 “The verdict, as originally returned, not having been received and recorded, was open to ‘ alteration by the jury. State v. Jeanisse, 125 La. [360] 363, 51 So. 290.” 141 La. page 157, 74 So. page 889.
 

 In State v. Gilkie, 35 La.Ann. 53, it is said by the Court: “There was manifestly no attempt by the Judge to influence the verdict, but only to assist the jury in putting in form what they had
 
 *619
 
 found. A justly esteemed authority in criminal prosecutions has held that the court has a right to direct the jury to reconsider their verdict before it is recorded, and it is its duty to do so when satisfied there has been a palpable mistake. People v. Bush, 3 Park.Cr. (N.Y.) 552. The Judge may require the jury to pass upon the indictment in such form of words as shall constitute a sufficient finding in point of law. Proffat Jury Trials, Sec. 459.”
 

 (8) Counsel for defendant contends that the third verdict in this case was responsive to the indictment, and is good ground for the plea of former jeopardy. Code Crim.Proced. Art. 403.
 

 There was but one trial of the case by the same jury. When the court ordered the jury to correct the third verdict, as incorrect in form, there was no mistrial thereafter and no discharge of the jury for that reason. The verdict was corrected and duly presented by the jury in open court, was received by the court, and ordered recorded by the clerk. The verdict was delivered in writing, is clearly correct in form and responsive to the indictment, and the jury when polled declared that it was their verdict. The jury was then discharged, under Article 401 of the Code of Criminal Procedure.
 

 This Article provides: “If the verdict, delivered in writing, be correct in form and responsive to the indictment, the judge shall order the clerk to receive the verdict, to read it to the jury, and to ask: ‘Is that your verdict?’ If the jury answer ‘Yes,’ the judge shall order the clerk to record the verdict and to discharge the jury.”
 

 This is not a new trial under the same indictment by a second jury. Defendant is not prosecuted here twice for the same offense.
 

 “A verdict not received by the trial judge, because incorrect in form, clearly does not put a defendant in jeopardy of life or liberty; nor is a defendant twice put in such jeopardy, when the first verdict is corrected as to form and duly presented by the jury in open court. Const. 1921, art. 1, § 9.” State v. Hodge et al., 173 La. 128, 131, 136 So. 291, 293.
 

 The conviction and sentence appealed from by defendant are affirmed.