ROGERS, Justice.
 

 The defendant, Dave Gueringer, was indicted for the crime of manslaughter. The jury returned a verdict finding him guilty of “neglible homicide,” and the judge sentenced him to imprisonment in the state penitentiary for a term of three years.
 

 Defendant is appealing from his conviction and sentence, contending that they should be set aside, because the verdict is meaningless and not responsive to the charge contained in the indictment or to any offense known to the law. This contention is raised by a motion in arrest of judgment filed by defendant after the verdict was rendered but before sentence was pronounced.
 

 Under the provisions of Article 29 of the Criminal Code, Act
 
 No.
 
 43 of 1942, criminal homicide consists of three grades, namely, murder, manslaughter and negligent homicide. Murder is defined in article 30, manslaughter in article 31 and negligent homicide in article 32. Negligent homicide constitutes an offense of a lesser grade than murder or manslaughter and is included in the latter two as a lesser offense. Code Cr.Proc. art. 386; State v. Stanford, 204 La. 439, 15 So.2d 817. And under a charge of manslaughter a verdict of manslaughter or a verdict of negligent homicide is responsive. State v. Iseringhausen, 204 La. 593, 16 So.2d 65. In the instant case the judge correctly charged the jury that there were three verdicts they could render, namely, guilty of manslaughter, guilty of negligent homicide or not guilty. Code Cr.Proc. art. 386, as amended by Act No. 147 of 1942. Since negligent homicide is a responsive verdict to the charge of manslaughter, the question
 
 *121
 
 to be determined is whether the verdict of “guilty of neglible homicide” is a valid verdict for the offense for which defendant was indicted and tried.
 

 The expression “neglible” as contained in the verdict of the jury is meaningless. There is no such word in the English language. This is admitted by counsel for the State, but they argue that the use of the expression was the result of accident or inadvertence and was intended by the jury to convey the idea that the defendant was guilty of “negligent” homicide. They say that this Court has on many occasions passed upon and upheld similar verdicts, and they refer to a number of cases decided by the Court which they assert serve as precedents for sustaining the verdict in this case.
 

 It is clear from a mere reading of the verdict returned in this case that instead of the word “negligible” the jury used the expression “neglible,” omitting in spelling the word “negligible” a letter “g” and a letter “i.” Therefore, construing the verdict as one for “negligible homicide” the serious question presented is whether the jury has found the defendant guilty of negligent homicide, the crime denounced by the statute.
 

 The words “negligible” and “negligent” are words in everyday use, but they are not synonymous. As defined in Webster’s New International Dictionary, Second Edition, a thing is negligible when it may be neglected or disregarded, while a person is negligent when he is guilty of negligence, is heedless or is culpably careless. In order to hold that by finding the defendant guilty of “neglible,” or to write the word correctly “negligible” homicide, we must strike from the verdict a word which the jury clearly intended to use and substitute in its place another and entirely different word, resulting in this Court and not the jury finding the verdict. Obviously we are not authorized to do this.
 

 It is true that there are a number of cases in our jurisprudence in which the verdicts of juries have been upheld notwithstanding bad spelling and ungrammatical findings when the sense is clear. It is also true that in a number of cases this Court has said that in construing verdicts the object is to ascertain the meaning of the jury; that verdicts must be reasonably construed, and that a verdict is sufficient when the jury has clearly expressed the intention of finding the defendant guilty of the crime charged. These rules are well settled and so far as they apply to criminal prosecutions generally can not be disputed. But the verdict in many criminal prosecutions must be to some extent a special finding. Thus, as was stated in State v. Curry, 174 La. 287, 140 So. 480, 481: “Where the verdict is one for an offense, included in a greater offense charged, or what is sometimes, though perhaps erroneously, termed a special verdict, the finding of the jury must be for an offense complete in itself. Where the verdict is for an offense that has a legal name, it suffices that the verdict be for that offense by name, but where it has no legal name every fact or element necessary to constitute the offense must be found by the jury, for what is not found is supposed not to exist. The court cannot
 
 *123
 
 supply a fact 'necessary to constitute the crime.”
 

 The term “negligent” homicide is the legal name of a particular criminal offense in which the word “negligent” is an essential ingredient. A verdict not for the ■offense by name or not exhibiting the finding of the necessary ingredient is not a verdict for the offense included in the crime charged. The jury found the defendant guilty of “neglible” or “negligible” homicide. The verdict is not only uncertain but it is unintelligible and senseless. Even idem sonans will not aid it, any more than the doctrine could aid an indictment charging the killing of Blake- when the proof showed that the name of the deceased was Black, as was held in State v. Smith, 160 La. 503, 107 So. 386.
 

 In the instant case the' jury has not found that the defendant was guilty of anything, and the Court could reach the conclusion that it intended to do so only by a process of reasoning which could accomplish nothing, since it is what the jury did and not what it intended (its intention not being expressed, but left to inference) that could furnish a basis for the sentence imposed. State v. Johnson, 46 La.Ann. 5, 14 So. 295; State v. Flanakin, 128 La. 455, 54 So. 940.
 

 It may be said on the authority of State v. Smith, 33 La.Ann. 1414 and State v. Ross, 32 La.Ann. 854, that the verdict in this case ought to stand because polling the jury-had the effect of curing its imperfections, but an examination of the manner in which the jury was polled will show that the situation was not varied nor altered for the better by that fact. State v. Johnson, 46 La.Ann. 5, 14 So. 295.
 

 It is difficult to find any justification for the entry of a verdict such as was returned in this case. The trial judge should in all cases where the law permits conclusions, other than that of simple guilty or not guilty, instruct the jury as to the several verdicts that may be responsive to the indictment. State v. Wright, 104 La. 44, 28 So. 909. If the verdict be incorrect in form or not responsive to the indictment, it is the duty of the judge to refuse to receive it and to remand the jury with instructions as to what verdicts are permissible and as to the proper form. Code Cr.Proc. art. 402. Mr. Bishop says: “It seems quite plain that in every case of a verdict rendered the judge or prosecuting officer or both should look after its form and its substance so as to prevent a doubtful or' insufficient finding from passing into the record of the court.” Bishop’s Crim. Proc., Vol. 1, Sec. 1004, cited in State v. Keasley, 50 La.Ann. 761, 23 So. 900, and State v. Owens, 193 La. 505, 190 So. 660. See also to the same effect, State v. Hodge, 173 La. 128, 136 So. 291.
 

 For the reasons assigned, the verdict and sentence appealed from are annulled and the case is remanded to the district court to be there proceeded with according to law.