HAWTHORNE, Justice.
Curtis J. Fornea and Alcus Fornea, Jr., were charged in a bill of indictment with the theft of $1337.00 legal money of the United States of America.[1] The jury returned a verdict of guilty of theft of $700.00 in value. Curtis J. Fornea was sentenced to imprisonment in the state penitentiary for three years, and Alcus Fornea, Jr., was sentenced to imprisonment in the state penitentiary for one year. Both defendants have appealed.
The sole question presented by this appeal is whether the trial judge erred in remanding the jury with instructions to bring in a responsive verdict under the facts and circumstances shown by the minutes of the court attached to the bill of exception, as follows:
The judge delivered his charge to the jury in which he informed them of the responsive verdicts, and the jury after their deliberation returned into open court and rendered the following written verdict:
“Guilty of theft
“Louis Lessell
“Foreman”
On motion of counsel for the defendants the court ordered the jury polled, and all the jurors assented to the verdict. The court then ordered the jury discharged. At this time the attorney for the defendants made the following statement:
“The Jury came into open Court to return their verdict. The foreman of the Jury handed the verdict to the District Judge. The District Judge handed the verdict to the Deputy Clerk. The Deputy Clerk read the verdict ‘Guilty of theft’ signed by Louis Lessell, Foreman. The Jury was polled. The Jury was then discharged by the Court. Counsel for the defendants takes the position that the verdict was not responsive and objects to referring the matter back to this Jury for the reason the verdict was read, the Jury was polled and the Jury was discharged by the District Judge.”
In spite of counsel’s objection as noted in this statement, the court “stated that the Jury is still in the box and over-ruled the objection, returned the Indictment to the Jury and asked them to bring in a responsive verdict”.[2] (Italics ours.) The jury was remanded to the jury room for further deliberation and in due course returned into *383 open court with the following' written verdict:
“Guilty of theft of property of $700.00 Dollars in value.
“Louis Lessell
“Foreman”
Under Article 402 of the Code of Criminal Procedure, R.S. IS :402, “If the verdict be incorrect in form or not responsive to the indictment, the judge shall refuse to receive it, and shall remand the jury, with oral instructions as to what verdicts are permissible and as to proper form”.
If we concede that the first verdict by which the jury adjudged both defendants “guilty of theft” was not responsive to the indictment in this case which charged the defendants with the crime of theft, then the trial judge erred in not immediately remanding the jury with instructions as to what verdicts were responsive. Then did the failure of the trial judge to follow this procedural requirement prejudice the accused under the facts and circumstances of this case so as to entitle them to have the responsive verdict which was subsequently rendered set aside and a new trial granted?
In Summers v. United States, 4 Cir., 11 F.2d 583, cert. den. 271 U.S. 681, 46 S.Ct. 632, 70 L.Ed. 1149, it was said:
“The general rule is as stated in Abbott’s Trial Brief, Criminal Causes, p. 730: ‘After a verdict has been rendered, and the jury, after being discharged, have separated, the jury cannot be recalled to amend their verdict. But the mere announcement of their discharge does not, before they have dispersed and mingled with the bystanders, preclude recalling them.’ ” See also Wharton’s Criminal Law and Procedure, by Anderson, v. V, pp. 339-341, Amendment of Verdict (1957), esp. pp. 340-341, sec. 2149; 23A C.J.S. Criminal Law § 1413, pp. 1123-1124; 53 Am.Jur. 765, Trial, sec. 1100; 66 A.L.R. 536-574, p. 544; Brister v. State, 26 Ala. 107; Levells v. State, 32 Ark. 585; Denham v. Commonwealth, 119 Ky. 508, 84 S.W. 538.
The minutes in this case show that the jury was “still in the box” and consequently was still in the presence and under the control of the court, and there is no showing whatever that the jurors at any time separated or that any outsider had an opportunity to talk with them or they with him, the court still being in session. Under these circumstances we do not think that prejudicial error was committed when the trial judge, after the jury had been polled and ordered discharged, remanded the jury with instructions to bring in a responsive verdict, especially in view of the fact that the trial judge’s order discharging the jury had not become effective and they had not separated.
Counsel for appellants argues that the trial judge cannot remand the jury even under the facts and circumstances of this case because under Article 334 of the Code of Criminal Procedure, R.S. 15:334, the. trial in jury cases is closed by the discharge of the jury. Had the order discharging the jury in the instant case become effective (though it had not, as stated above), then there might be substance to appellants’ contention.
In the instant case the trial judge corrected a procedural error while the court was still in session and before the jury had left the box and become separated, and there is no showing here that the appellants were prejudiced by his action. Consequently under Article 557 of the Code of Criminal Procedure, R.S. 15:557, they are not entitled to a new trial. That article provides that no judgment shall be set aside or a new trial1 granted by any appellate court of this state in any criminal case because of a procedural error unless in the opinion of the court to which application is made it appears that the error complained of resulted in a miscarriage of justice, was-prejudicial to the substantial rights of the. accused, or constituted a substantial violation of a constitutional or statutory right.
*384 The holdings in the cases of State v. Jeanisse, 125 La. 360, 51 So. 290; State v. McIntosh, 141 La. 150, 74 So. 886, and State v. Owens, 193 La. 505, 190 So. 660, cited by appellants, have no application to the facts and circumstances of this case.
The convictions and sentences are affirmed.

. The crime of theft is denounced by Article 67 of the Louisiana Criminal Code, R.S. 14:67. Under this article penalties are graduated in relation to the value of the property stolen, and “when the misappropriation or taking amounts to a value of one hundred dollars or more”, the punishment shall be imprisonment with or without hard labor for not more than 10 years.

. According to Article 386 of the Louisiana Code of Criminal Procedure, R.S. 15:386, “The only responsive verdicts which may be rendered, and upon which the judge shall charge the jury, where the indictment charges” the offense of theft are:
“Guilty of theft of property of-dollars value.
“Guilty of attempted theft.
“Guilty of unauthorized use of mova* bles.
“Not guilty.”