730 So.2d 1035 (1999)
STATE of Louisiana, Appellee,
v.
Jermaine JOHNSON, Appellant.
No. 31,390-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1999.
*1037 W. Fred Smith, Winnfield, Counsel for Appellant.
Richard Ieyoub, Attorney General, Terry R. Reeves, District Attorney, James E. Lewis, Assistant District Attorney, Counsel for Appellee.
Before BROWN, CARAWAY and PEATROSS, JJ.
BROWN, J.
On September 26, 1997, defendant, Jermaine Johnson and another inmate, Michael Rice, escaped from the Winn Parish jail. During the escape, Deputy James Bearden, the 70-year-old jailer, was slammed into the cell bars, causing a gash in his head requiring stitches. The deputy was sprayed with mace taken from his belt. Also taken from the deputy were his keys, radio and billfold containing approximately $65 in cash. Both escapees were captured the next day at a residence in Dodson, Louisiana. Defendant was tried separately from Rice and found guilty of armed robbery and aggravated escape. He was given concurrent terms of 50 and 10 years. The 50-year armed robbery sentence was without benefit of parole, suspension or probation and without good time credit. Both sentences were ordered to run consecutively with a 25-year term defendant received on a separate armed robbery charge for which he was waiting to be sentenced when he escaped. Defendant has appealed his convictions and sentences. We affirm.

DISCUSSION

Sufficiency of the Evidence
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, S 5(c); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir.04/02/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
Defendant argues that because a can of mace was not admitted into evidence the state failed to prove the use of a dangerous weapon. The can of mace had been found by an officer by the railroad tracks near the jail. The trial court sustained defendant's foundation objection to its introduction. This is the only sufficiency of evidence claim briefed by defendant and, therefore, the only one discussed.
Armed robbery is defined in La. R.S. 14:64 as the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. Ordinarily, the victim's testimony, "if believed by the trier of fact," is sufficient to prove the essential elements of armed robbery, even without corroborating physical or scientific evidence. State v. Williams, 26,230 (La.App.2d Cir.09/21/94), 643 So.2d 284. The production of a weapon is not necessary in an armed robbery prosecution where the state can establish through witness observations at the crime scene all of the elements of the offense beyond a reasonable doubt, including the existence *1038 and use of a dangerous weapon. State v. Brown, 591 So.2d 791 (La.App. 5th Cir.1991).
Defendant's objection to the introduction of a can of mace was sustained by the court; however, Deputy Bearden testified that defendant grabbed him, held him and pinned his arms. Deputy Bearden further testified that Michael Rice took his can of mace from his belt and sprayed him, painfully blinding him just before he lost consciousness.
Charles O'Neal, an inmate trustee who was retrieving a mop bucket inside the cell block while Deputy Bearden waited at the door, testified that defendant and Rice had Deputy Bearden against the bars and were "snatching stuff" off of Bearden. He saw Rice take the mace from Deputy Bearden. He further testified that he smelled the mace and saw Deputy Bearden on the ground.
Terry Lynn Weatherford, an inmate working in the kitchen, testified that he smelled mace and described Deputy Bearden's watering eyes. He also cleaned the blood from the deputy's face.
The fact that defendant did not himself take the mace and spray Bearden is of no material importance under these circumstances. All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. La. R.S. 14:24. Hence, the state properly charged defendant as a principal to armed robbery and aggravated escape.
Defendant does not argue that mace is not a dangerous weapon. Under Louisiana law, a dangerous weapon is any gas, liquid or other substance or instrumentality, which in the manner used, is calculated or likely to produce great bodily harm or death. La. R.S. 14:2. Deputy Bearden testified that after he was sprayed with mace, he was blinded and lost consciousness.
Under the facts of this case, a rational trier of fact could have found beyond a reasonable doubt that the evidence, the testimony of the victim, viewed in the light most favorable to the prosecution, establishes that defendant, acting with Michael Rice, committed an armed robbery upon Deputy Bearden using mace as a dangerous weapon. The introduction of the actual can of mace was not necessary to prove that a dangerous weapon was used in the commission of the offense as it was established through the testimony of the victim. State v. Brown, supra.

Introduction of the Diagram of the Parish Jail Cell
Defendant argues that the trial court erred in admitting into evidence the diagram of the parish jail cell, State Exhibit 1-A, because it was confusing and misleading.
Generally, diagrams are admissible to help the jury understand the testimony if they are shown to be an accurate representation of the subject matter in question and the ruling of the trial court as to the admissibility of a diagram will not be disturbed on appeal absent an abuse of discretion. State v. Lindsey, 543 So.2d 886 (La.1989), U.S. cert. denied, 494 U.S. 1074, 110 S.Ct. 1796, 108 L.Ed.2d 798 (1990); State v. Fluitt, 482 So.2d 906 (La.App. 2d Cir. 1986). In State v. Lawrence, 365 So.2d 1356 (La.1978), the supreme court stated that the inaccuracies of a drawing do not defeat the admissibility of a sketch, but go to the weight to be accorded the drawing. In State v. Triplett, 285 So.2d 532 (La.1973), the court noted that the fact that a diagram was not absolutely accurate in every detail and distance did not render it inadmissable or negate its relevance, but instead would go to the weight accorded the diagram.
State Exhibit 1 is a diagram of the layout of the Winn Parish jail. State Exhibit 1-A is a diagram of the layout of cell block three located in the Winn Parish jail.
The testimony establishes that defendant was incarcerated in cell block three at the time of his escape. Both Deputies Bearden and Ingram identified the diagram as cell block three of the Winn Parish jail. Therefore, the diagram was admissible and relevant to aid the jury in understanding where the alleged offenses occurred. Furthermore, Deputies Bearden and Ingram testified to *1039 the accurateness of the diagram. Any inaccuracies in the diagram do not render the diagram inadmissable or irrelevant, but rather go to the weight of the evidence.

Introduction of the Billfold
Defendant argues that there is no chain of custody establishing that the billfold admitted at trial is the same one that was taken at the time of the alleged robbery.
Deputy Bearden testified that his billfold was returned to him by Deputy Stanley Martin. Deputy Bearden produced his billfold at trial and identified it as the one that was taken from him by defendant. Deputy Martin identified the billfold as the one given to him after it was found by another officer on the railroad tracks and stated that he gave it to Deputy Bearden.
In order to admit physical evidence at trial, the law requires that the object be identified. An object may be identified either by the chain of custody from the time the item was seized to the time it was offered into evidence or by testimony that the object exhibited is the one related to the case. La. C.E. art. 901; State v. Sweeney, 443 So.2d 522 (La.1983); State v. Toney, 26,711 (La. App.2d Cir.03/01/95), 651 So.2d 387.
The testimony of Deputy Bearden and Deputy Martin established by a preponderance of the evidence that the billfold introduced at trial was the same one that was taken from Bearden by defendant.

Polling of the Jury
Defendant argues that the trial judge erred when he stopped the polling before all 12 jurors had responded.
La.C.Cr.P. art. 812(1) provides:
Oral polling of the jury shall consist of the clerk's calling each juror, one at a time, by name. He shall announce to each juror the verdict returned, and ask him, "Is this your verdict?" Upon receiving the juror's answer to the question, the clerk shall record the answer.
... If, upon polling all of the jurors, the number required to find a verdict do not answer "Yes," the jury may be remanded for further deliberation, or the court may declare a mistrial in accordance with Article 775.
In this case, ten of the twelve jurors had to concur to render a verdict. La. C.Cr.P. art. 782. On appeal, defendant argues that the trial court erred in not complying with La. C.Cr.P. art. 812 because all the jurors were not polled before they were returned for further deliberations.
The jury returned verdicts of guilty on both charges. After the eleventh juror was polled on the armed robbery count, it was obvious that there would not be ten "yes" votes. The judge then stated, "Alright, give the verdict back on count one. It's got to be ten/two folks."
Defendants failed to preserve this issue for appellate review by not making a contemporaneous objection. State v. Ratcliff, 416 So.2d 528 (La.1982). Even if defendant had preserved this issue for appellate review, this argument is without merit.
In State v. Tart, 93-0772 (La.02/09/96), 672 So.2d 116, the supreme court found no error where a jury returned with an improper verdict and the trial judge sent the jury back with further instructions. The judge may inform the jury, without necessarily suggesting what should be the verdict, why it is that the verdict is incomplete or not responsive to the charge. State v. Owens, 193 La. 505, 190 So. 660 (1939), citing State v. Keasley, 50 La. Ann. 761, 23 So. 900 (1898).
There was no attempt on the part of the trial judge to influence the verdict. The trial judge instructed the jury on the law and did not err in returning the jury for further deliberations.

Motion for Mistrial
Defendant argues that a mistrial should have been granted when the polling showed an insufficient number of votes to convict.
A mistrial is a drastic remedy which is warranted only when the error results in substantial prejudice sufficient to deprive the defendant of any reasonable expectation of a fair trial. State v. Cotton, 29,101 (La.App.2d Cir.01/22/97), 687 So.2d *1040 1074; State v. Sanford, 27,268 (La.App.2d Cir.08/23/95), 660 So.2d 555, writ denied, 95-2570 (La.02/09/96), 667 So.2d 527. The decision to grant or deny a mistrial for prejudicial conduct rests within the trial court's discretion and will not be disturbed absent an abuse of discretion. State v. Smith, 433 So.2d 688 (La.1983); State v. Bryant, 29,344 (La.App.2d Cir.05/07/97), 694 So.2d 556. Pursuant to La.C.Cr.P. art. 812, the trial judge has discretion to have the jury return for further deliberations or order a mistrial "if upon polling all of the jurors, the number required to find a verdict do not answer `Yes.'" (Emphasis added).
As noted above, the trial court had the jury return for further deliberations. Under the circumstances, the trial court did not abuse its discretion.

Error Patent
La. R.S. 14:110 provides that:
[w]hoever commits an aggravated escape... shall be imprisoned at hard labor for not less than five years nor more than ten years and any such sentence shall not run concurrently with any other sentence. (Emphasis added).
The trial court ordered defendant's sentence for armed robbery to run concurrent to his sentence for aggravated escape. Pursuant to La. R.S. 14:110, the trial judge should have had defendant's sentence for armed robbery run consecutive to his sentence for aggravated escape. Defendant's sentence therefore is illegally lenient; however, because the state failed to appeal, this court may not correct this illegality nor may we remand the matter for resentencing. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App.2d Cir.08/17/94), 642 So.2d 679.

CONCLUSION
For the foregoing reasons, defendant's convictions and sentences are affirmed.